**UNITED STATES of America, Plaintiff,**

v.

**James A. TRAFICANT, Jr., Defendant.**

**Crim. A. No. CR82–148Y.**

United States District Court,
N.D. Ohio, E.D.

June 1, 1983.

See also, D.C., 566 F.Supp. 1036.

Stephen H. Jigger and Charles French, U.S. Dept. of Justice, Cleveland, Ohio, for the United States.

James A. Traficant, Jr., pro se.

---

1. Horvath, *Detecting Deception: The Promise and the Reality of Voice Stress Analysis,* 27 J.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is the government's Motion in Limine requesting this Court to prohibit the introduction at trial of any evidence regarding psychological stress evaluation tests. Upon consideration, the motion is granted.

The psychological stress evaluation test results at issue in this case are the product of a voice stress analysis done by defendant Traficant's chosen examiner. Traficant opposes the government's motion and seeks to introduce the results of these tests at trial.

Voice stress analysis (VSA) is a method of lie detection. Voice stress analyzers and psychological stress evaluators (PSE) detect and measure subaudible microtremors in a person's voice. The amount of stress imposed on the speaker is alleged to affect the microtremors in his voice. The stress is allegedly produced by the speaker's deception. The first psychological stress evaluator was marketed in 1971.[1] Reportedly, it was developed as a covert lie detection device which could be used without the attachment of sensors (as are necessary with polygraph tests) and hence could be employed without the knowledge of the subject being tested. *Id.* In the instant case, the PSE test was not done covertly. Rather, Traficant voluntarily submitted to the test and was aware of the testing while it was being performed.

Case law on point is sparse. This Court finds, however, that the long line of cases which reject the admissibility of polygraph test results at trial are analogous. Moreover, the decision to admit evidence based on scientific processes is left to the trial court, which has considerable discretion in this area. *United States v. Franks,* 511 F.2d 25, 33 (6th Cir.1975) (citing *United States v. Stifel,* 433 F.2d 431, 437 (6th Cir. 1970), *cert. denied,* 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 531 (1971)).

Forensic Sci. 340 (1982).

The test at issue in this case purports to prove the truth of Traficant's responses to a series of questions put to him by the examiner. Traficant's responses were recorded on audiotape and these tapes were later examined through the use of a psychological stress evaluator to measure the amount of subaudible microtremor present in Traficant's tape recorded responses.

■ Considering the PSE test under the "general acceptance" standard first enunciated in *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923), this Court cannot find that it is "sufficiently established to have gained general acceptance in the particular field in which it belongs." *Id.* at 1014. The opinion of at least one researcher in the field is that there have been very few well-controlled studies of the reliability of voice stress analysis; and none of these studies have shown that voice stress analyzers are effective in detecting deception. 27 J. Forensic Sci. at 342. Several studies revealed that PSE testing results yielded an accuracy rate only slightly higher than, and in some cases lower than, chance expectancy rates. *Id.* at 342, 343.

An equally important consideration which prompts this Court to reject the PSE test results is the risk of undue prejudice. Many of the questions used in Traficant's PSE are questions which the jury, as finder of fact, must ultimately decide. Admission of the PSE results will invade the jury's fact finding function and may cause the jury to substitute the PSE test results for its own findings. Federal Rule of Evidence 403 permits trial courts to exclude relevant evidence "... if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ..." The PSE test results at issue are more prejudicial than probative.

Accordingly, the PSE test results are inadmissible at trial. Traficant is prohibited from introducing these tests at trial or from referring to them during examination of witnesses or arguments to the jury. The government's Motion in Limine is granted.

IT IS SO ORDERED.