THE STATE OF OHIO, APPELLEE, *v.* BECHTEL, APPELLANT.

(No. 2041 — Decided June 26, 1985.)

*Ronald L. Rehm,* assistant prosecuting attorney, for appellee.
*Eric D. Ritz,* for appellant.

QUILLIN, J. This is an appeal from defendant-appellant's conviction for speeding. The trial court took judicial notice of the accuracy and reliability of the model K-55 moving radar unit. We affirm.

Richard Lucas, a trooper with the Ohio State Patrol, clocked the defendant at sixty-seven miles per hour in a fifty-five mile per hour zone. The defendant acknowledged going sixty-three miles per hour, but denied going sixty-seven. Lucas testified as to the readings on his radar unit, his calibration of the radar unit and his qualifications for using the unit. Lucas testified over the defendant's objection concerning the marked tuning forks used in the external calibration of the radar unit.

The trial court, again over defendant's objection, took judicial notice of the reliability of the K-55 Doppler effect radar. Having been convicted, the defendant now appeals.

Assignment of Error I

"The trial court erred by admitting

prejudicial hearsay concerning the marked tuning forks used in the external calibration of the radar unit in question."

Defendant contends that the trial court erred in admitting testimony concerning the tuning forks used to calibrate the radar unit. The decision to admit evidence based on scientific processes is left to the discretion of the trial court. *United States* v. *Traficant* (N.D. Ohio 1983), 566 F. Supp. 1046.

Lucas testified that he checked the internal calibration of the radar and performed a light test in addition to using the tuning forks to check the external calibration of the radar. Lucas used two tuning forks to calibrate the radar: one tuning fork which produces a reading of thirty-five miles per hour when tapped and held in the activated radar beam, and one tuning fork which produces a reading of eighty miles per hour. While generally the accuracy of the radar unit and the accuracy of the testing apparatus are essential to a speeding conviction based solely on the radar evidence, the weight of authority holds that when two tuning forks are used to ascertain the accuracy of the radar unit, additional proof of the accuracy of the tuning forks is not necessary. This is because each tuning fork corroborates the accuracy of the other, and it is highly unlikely that the radar unit and each tuning fork would be inaccurate to the same degree. *State* v. *Ahern* (1982), 122 N.H. 744, 449 A. 2d 1224; *State* v. *Kramer* (1981), 99 Wis. 2d 700, 299 N.W. 2d 882; *State* v. *Readding* (1978), 160 N.J. Super 238, 389 A. 2d 512; *People* v. *Walker* (1980), 199 Colo. 475, 610 P. 2d 496.

In addition, defendant admitted that he was driving between sixty-three and sixty-four miles per hour when he was stopped. For these reasons, we find that the trial court did not abuse its discretion in admitting testimony concerning the tuning forks and the external calibration of the radar unit. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred by overruling the appellant's motion for dismissal in light of *State* v. *Harris* (9th Dist., C.A. #1056, decided 8-12-81, unreported)."

This court, in *State* v. *Kline* (Aug. 12, 1981), Lorain App. No. 3182, unreported, held that a trial court may at some point satisfy itself with the dependability of a radar unit and take judicial notice thereof. In *Kline, supra,* the trial court took judicial notice of the scientific reliability of the K-55 unit and this court upheld that finding.

In the case *sub judice,* the trial court took judicial notice of the reliability of the K-55 Doppler effect radar. Based on our decision in *Kline, supra,* this court upholds the taking of judicial notice of the reliability of the K-55 radar unit.

Other appellate courts in Ohio have also upheld the taking of judicial notice of the reliability of the K-55 radar unit. *Kettering* v. *Smith* (Apr. 12, 1984), Montgomery App. No. 8383, unreported; and *State* v. *Kinker* (Mar. 4, 1983), Huron App. No. H-82-24, unreported.

The judgment of conviction is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and BAIRD, J., concur.