THE STATE OF OHIO, APPELLEE, *v.*
F.O.E. AERIE 2295, PORT CLINTON, APPELLANT.

[Cite as State *v.* F.O.E. Aerie 2295 (1988), 38 Ohio St. 3d 53.]

(No. 87-422—Submitted January 19, 1988—Decided July 20, 1988.)

*Douglas O. Meyer,* prosecuting attorney; and *Barbara B. H. Petersen,* for appellee.

*John A. Connor II Co., L.P.A.,* and *John A. Connor II,* for appellant.

SWEENEY, J. Appellant contends that the evidence which forms the basis of the criminal convictions at issue in the case *sub judice* was seized in an illegal search of appellant's permit premises. As a preliminary matter, however, it is necessary to ascertain whether a timely motion to suppress the evidence was interposed by appellant.

Crim. R. 12 governs the procedure to be employed in the filing of pretrial motions. Subsection (B) thereof identifies the types of motions which must be advanced prior to trial. Crim. R. 12(B)(3) provides as follows:

"Pretrial motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"* * *

"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only[.]"

This court has previously held that the submission of a stipulation of facts "was to be regarded * * * as [comparable to] a special verdict of a jury, expressing the result of the proof made by both parties * * *." *Ish* v. *Crane* (1862), 13 Ohio St. 574, 580. Accord *Garrett* v. *Hanshue* (1895), 53 Ohio St. 482, 495-496, 42 N.E. 256, 259-260. Thus, the stipulation performs the same function as the factual determination rendered by a jury upon conflicting evidence. Accordingly, we hold that, for purposes of Crim. R. 12(B)(3), the filing of a stipulation of facts is tantamount to the commencement of trial on the merits.

Failure to file a pretrial motion to suppress evidence pursuant to Crim. R. 12(B)(3) precludes a challenge to its admission at trial. In this regard, Crim. R. 12(G) provides that:

"Failure by the defendant to raise

defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver."

In *State* v. *Wade* (1978), 53 Ohio St. 2d 182, 7 O.O. 3d 362, 373 N.E. 2d 1244, this court considered the failure of a criminal defendant to file a motion to suppress evidence prior to trial. Paragraph three of the syllabus states:

"The failure to move within the time specified by Crim. R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of the error. (Crim. R. 12[G].)"

Accord *State* v. *Moody* (1978), 55 Ohio St. 2d 64, 66, 9 O.O. 3d 71, 72, 377 N.E. 2d 1008, 1010.

Accordingly, we hold that appellant's failure to file a motion to suppress pursuant to Crim. R. 12(B)(3) prior to the submission of a stipulation of facts to the trial court constitutes waiver of any objection to the admissibility of any seized evidence.

Inasmuch as the evidence considered by the trial court was not the subject of a timely motion to suppress, any error regarding its admissibility was waived. Thus, the convictions of appellant are amply supported by the evidence.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, WRIGHT and H. BROWN, JJ., concur.

HOLMES and DOUGLAS, JJ., dissent.