JOURNAL ENTRY AND OPINION
Defendant-appellant, Daniel Katz, appeals the judgment of the Cleveland Heights Municipal Court, entered after a bench trial, finding him guilty of speeding, in violation of Section 333.03 of the Codified Ordinances of Cleveland Heights, and fining him $55.
Cleveland Heights Police Officer Don Roach testified at appellant's trial that at approximately 8:37 p.m. on February 7, 2001, he was parked in a police cruiser in the median at the intersection of Fairmount and Arlington Boulevards in Cleveland Heights. Roach was facing west, monitoring the speed of eastbound vehicles on Fairmount with a radar device.
Roach testified that he observed appellant's SUV pulling away from a huge group of cars and approaching him at a pretty good rate. According to Roach, he locked in the radar device on appellant's SUV and then heard a high-pitched tone, which confirmed his visual sighting of appellant's high speed. The reading on the radar unit indicated that appellant was traveling 47 miles per hour in a zone marked 35 miles per hour. Roach testified that appellant's speed was unreasonable for the conditions.
Roach testified that he had received specialized training, including 8 hours of training at the police academy and 40 hours of on-the-road training, regarding operation of the model 96-11 KR-10 radar unit he was using on September 7, 2001. Roach also testified that his main function as a police officer since his graduation from the police academy twelve years prior had been operating radar equipment.
Roach testified that he performed a light test, an internal calibration test and an external calibration test on the radar unit prior to using it on September 7, 2001. The light test involved pressing a special button on the unit to make sure that all the lights on the unit were working properly. According to Roach, the internal calibration test involved pressing another designated button on the unit to elicit a preset reading of 32 miles per hour. Roach then used two tuning forks to test the external calibration of the unit. According to Roach, one fork is set at 35 miles per hour and the other is set at 65 miles per hour. When he tapped the forks against a non-metallic object and then placed them in front of the radar unit, they gave readings of 35 miles per hour and 65 miles per hour respectively. Roach testified that the three tests he performed indicated that the radar unit was working properly on September 7, 2001.
Scott Whitmer, a communications and radar technician for the City of Cleveland Heights Police Department, also testified at appellant's trial. Whitmer testified that one of his job responsibilities was to test the calibration of the radar units used by City of Cleveland Heights police officers, including the unit used by Roach on February 7, 2001. Whitmer testified further that he had received extensive training regarding testing and calibrating radar devices from Simco Electronics, the manufacturer of the devices, and through his service in the United States Air Force.
Whitmer testified that he tests and calibrates all of the radar devices once a year, using three pieces of equipment specifically designed for testing radar equipment. Whitmer testified that on September 20 and 21, 2000, he calibrated the radar device used by Roach according to the manufacturer's instructions and when the machinery left our precinct, it was working true and accurate. Whitmer testified further that he had no records reflecting that any repairs had been completed on the unit after that time.
The trial court admitted four records created by Whitmer concerning his tests on the unit: 1) an inventory sheet reflecting the model and serial numbers of the unit and its associated tuning forks; 2) a certificate reflecting that Whitmer calibrated the unit on September 21, 2000 at 35 miles per hour, 50 miles per hour and 65 miles per hour; 3) a certificate of accuracy reflecting that one tuning fork associated with the unit was properly calibrated at 35 miles per hour; and 4) a certificate of accuracy reflecting that the other tuning fork associated with the unit was properly calibrated at 65 miles per hour.
Whitmer also testified that the equipment he used to test Roach's radar unit was shipped to Simco Electronics in August 2000 for testing and calibrating. According to Whitmer, Simco subsequently returned the equipment with certificates of calibration indicating that the test equipment was properly calibrated.
Defense counsel objected to the admission of the certificates of calibration, however, arguing that they were not authenticated. Defense counsel argued further that without the certificates or any testimony by a representative of Simco Electronics that the testing equipment had been properly calibrated, there was no way of knowing whether the equipment used by Whitmer to test the radar device used by Roach was properly calibrated and, therefore, no way of knowing whether the radar device used by Roach to determine that appellant was speeding was accurate. Accordingly, defense counsel asserted that Officer Roach's testimony regarding appellant's speed, as determined by the radar device, was not admissible for consideration by the trier of fact.
In a journal entry filed on April 4, 2001, the trial court ruled that Officer Roach's testimony regarding the radar reading was admissible, finding that the level of proof proposed by appellant, i.e., that evidence of a radar reading is not admissible absent evidence that the equipment used to calibrate the radar device has itself been properly calibrated, was not necessary to the radar reading.
In light of Officer Roach's testimony, the trial court found that appellant was traveling at 47 miles per hour in a zone marked 35 miles per hour and that the speed was unreasonable for the conditions. On April 9, 2001, the trial court fined appellant $55 plus costs but stayed the sentence pending appeal.
Appellant raises two assignments of error for our review:
 I. THE CONVICTION AGAINST DANIEL KATZ SHOULD BE REVERSED SINCE THERE WAS INSUFFICIENT TESTIMONY AS TO THE PROPER CALIBRATION OF OFFICER DONALD ROACH'S RADAR EQUIPMENT.
 II. THE CONVICTION AGAINST DANIEL KATZ SHOULD BE REVERSED WHERE THE TRIAL COURT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant asserts that the trial court erred in admitting Officer Roach's testimony regarding his speed because there was insufficient testimony regarding the calibration of Officer Roach's radar equipment.
A court may take judicial notice of the technical theory of operation and the scientific reliability of stationary radar devices. East Cleveland v. Ferrell (1958), 168 Ohio St. 298; Cleveland Heights v. Bartell (Feb. 19, 1987), Cuyahoga App. No. 51719, unreported. Although not raised in his brief on appeal, at oral argument appellant asserted that the trial court improperly took judicial notice of the scientific reliability of the KR-10 stationary radar device used by Officer Roach. Appellant did not raise this issue in the trial court, however, and therefore has waived it on appeal.
In Cleveland Heights v. Bartell (1987), Cuyahoga App. No. 51719, unreported, the trial court took judicial notice of the scientific reliability of the KR-10 radar unit and this court upheld that finding. Contrary to appellant's argument, our holding did not preclude appellant from further challenging the unit's reliability at trial. If appellant had wanted to challenge the reliability of the KR-10 unit at trial, he could have subpoenaed representatives from the manufacturer of the device and questioned them regarding its reliability. As counsel admitted in oral argument, however, appellant did not do so, and accordingly, there is no evidence in the record to indicate the unit is not reliable. Therefore, the trial court did not err in taking judicial notice of the scientific reliability of the KR-10 radar unit, in reliance on Bartell.
Once judicial notice of the operation and reliability of a radar device is taken, the court must further determine 1) that the radar device was in good operating condition and properly calibrated at the time of use; 2) that the operator of the radar device was properly qualified to use the device; and 3) that the police officer properly operated and read the radar device. Id.
Although appellant concedes that a court may take judicial notice of the reliability and operation of a radar device, as the trial court did here, appellant asks this Court to find that the City failed to prove that the radar device at issue was calibrated properly because 1) Officer Roach should have performed more than three tests on his unit to ascertain its accuracy; and 2) the City did not produce evidence that the equipment used by Whitmer to calibrate the unit and its associated tuning forks was itself properly calibrated.
Appellant argues that the trial court should have required evidence that more than three tests had been performed on Officer Roach's radar unit before concluding that it was properly calibrated because there are limitations to the three tests performed by Officer Roach. Appellant asserts that the light test performed by Roach was insufficient because it merely determined that the light fixtures inside the radar unit were functioning properly. He also asserts that tuning forks may get dented or bent and, if used on a radar unit that is out of calibration, could possibly indicate accuracy when, in fact, the unit is out of calibration.
We refuse to speculate, however, about possible problems with the tests. This court has previously held that as few as two tests (an internal calibration test and an external calibration test) are sufficient to demonstrate that a radar unit is properly calibrated. Lyndhurst v. Danvers (Nov. 23, 1988), Cuyahoga App. No. 55537, unreported; Cleveland Heights v. Bartell, supra. Moreover, appellant offered no evidence whatsoever that any of the three tests performed by Officer Roach on February 7, 2001 were flawed or produced inaccurate results. Accordingly, there was no reason for the trial court to require evidence of more tests before concluding that Roach's radar unit was accurate.
Appellant also contends that there was insufficient evidence that Roach's radar unit was properly calibrated at the time of use because the City failed to show that Simco Electronics properly calibrated the equipment used by Whitmer to subsequently test and calibrate the unit. Appellant asserts that Whitmer's calibrations of Roach's radar unit were accurate only if the test equipment used to perform the calibrations was itself properly calibrated. Therefore, appellant contends, without testimony from a representative of the manufacturer that the test equipment was properly calibrated, there was no evidence that the radar device used by Roach was functioning properly and, accordingly, Roach's testimony regarding appellant's speed was inadmissible.
Appellant's argument was squarely rejected, however, in State v. Ellison (Jan. 30, 1987), Auglaize App. No. 2-85-35. In Ellison, the defendant was convicted of operating a motor vehicle at a speed of 70 miles per hour in a 55 miles per hour zone. The defendant challenged the trial court's finding that the radar device was in proper working order because the State had not presented evidence of certification from the manufacturer as to the accuracy of the tuning forks used to test the calibration of the unit.
The Third Appellate District rejected the defendant's argument, stating:
 Like most matters of proof, however, there may be various ways to prove the same thing, or a point is reached in the matter of proof, beyond which no further proof is needed and presumptions of regularity pertain. Thus, in determining that a mechanism is in proper working order, it might become absurd to require that each component part be also proved to be in working order, or, for example, that a testing mechanism, which is not itself a component part, is itself in working order. The sufficiency of proof will, as to individual things which must be proved in a specific case, vary as to the circumstances involved and the availability of other proof, and generally will be left to the sound discretion of the trial court, particularly where there is no showing, as here, that the testing device is, in some respect, not in proper working order.
* * *
 Thus, once it is determined that a device is generally reliable when properly operated by a properly trained operator to prove a certain thing, such as speed, dependent upon the individual circumstances of the case, it may not be necessary for the State, in the absence of evidence to the contrary, to offer any evidence of the similar proper working order of another device used to test the first device.
The circumstances of this case demonstrate that it was not necessary for the City to prove that the test equipment used by Whitmer to calibrate Roach's radar unit was itself properly calibrated. First, appellant presented no evidence whatsoever that the testing equipment was not in proper working order. Accordingly, as in Ellison, supra, there was no need for the City to produce evidence that the testing equipment was properly calibrated.
Moreover, although no one from Simco Electronics testified regarding the accuracy of the testing equipment, Scott Whitmer testified that the testing equipment was sent to Simco in August 2000 to be tested and calibrated and was subsequently returned with certificates of calibration indicating that the test equipment was properly calibrated. Therefore, contrary to appellant's assertion, there was, in fact, evidence that the testing equipment was in proper working order.
Appellant contends that his argument that the City must demonstrate that the testing equipment was itself properly calibrated has been suggested and followed by the Ohio Supreme Court in State v. Bonar (1973), 40 Ohio App.2d 360. Appellant's reliance on Bonar, however, is misplaced. First, Bonar was decided by the Seventh Appellate District Court of Appeals, not the Supreme Court of Ohio. Moreover, Bonar clearly does not support appellant's argument. In Bonar, the defendant was convicted of operating a motor vehicle at a speed of 75 miles per hour in a 60 miles per hour zone. The defendant appealed his conviction, arguing that the State had put on no evidence to indicate that the radar unit that had clocked his speed was functioning properly. The Seventh Appellate District Court of Appeals reversed the defendant's conviction, finding that there was * * * no testimony as to whether the radar measuring equipment was properly installed, set up or operating correctly. Accordingly, the Seventh District held that the trial court should have granted the defendant's motion for a directed verdict.
The Seventh Appellate District did not hold, as appellant contends, that in any case involving a radar detector, the State must prove that the equipment used to calibrate the radar detector has itself been properly calibrated. Rather, the Bonar court held that the State must demonstrate, as it did here, that the unit was properly set up, tested and functioning properly.
In State v. Bechtel (1985), 24 Ohio App.3d 72, the defendant appealed his conviction for speeding, arguing that the trial court erred in admitting testimony regarding the tuning forks used to test the calibration of the radar unit because there was no testimony regarding the accuracy of the tuning forks. The Ninth Appellate District disagreed, however, stating:
 While generally the accuracy of the radar unit and the accuracy of the testing apparatus are essential to a speeding conviction based solely on the radar evidence, the weight of the authority holds that when two tuning forks are used to ascertain the accuracy of the radar unit, additional proof of the accuracy of the tuning forks is not necessary. This is because each tuning fork corroborates the accuracy of the other, and it is highly unlikely that the radar unit and each tuning fork would be inaccurate to the same degree.
Id. at 73. (Citations omitted).
Here, in addition to the light test and internal calibration tests, Officer Roach used two individually-calibrated tuning forks to test the external calibration of his radar unit. If in Bechtel the use of two tuning forks was sufficient to demonstrate the accuracy of a radar device, we see no reason in this case to require further proof that the equipment used to calibrate the radar device and tuning forks was itself properly calibrated, especially where there was no evidence that the testing equipment was not functioning properly.
Appellant's first assignment of error is therefore overruled.
In his second assignment of error, appellant contends that because the City failed to prove that the testing equipment used to calibrate Roach's radar unit was itself properly calibrated, it failed to demonstrate the accuracy of Roach's unit and, therefore, Roach's testimony regarding appellant's speed as determined by the radar device was not admissible at trial. Appellant further contends that without Roach's testimony there was no competent evidence produced at trial to establish that he was speeding and, therefore, his conviction was against the manifest weight of the evidence. We disagree.
As set forth in our discussion regarding appellant's first assignment of error, the City was not required to prove that the equipment used to calibrate Officer Roach's radar unit was itself properly calibrated. Rather, Officer Roach's testimony regarding appellant's speed as determined by the radar unit was admissible if the City demonstrated that the radar device was in good operating condition and properly calibrated at the time of use, the operator of the device was properly trained and qualified to use it and did, in fact, properly operate the radar device. See State v. Bartell, supra.
Scott Whitmer testified for the City that Roach's unit had been tested and calibrated on September 20 and 21, 2000 and no repairs were made to the unit after that time. Officer Roach testified that he performed three tests on the unit on February 7, 2001 prior to apprehending appellant and all three tests indicated that the unit was operating properly. He testified further that he had been specially trained in operating the radar device used to determine appellant's speed on February 7, 2001 and that he was properly operating the device at the time of appellant's speeding violation. This testimony laid a sufficient foundation to establish the accuracy of Roach's radar unit and, therefore, Roach's testimony regarding appellant's speed as established through the radar unit was properly admissible.
In light of this testimony, the trial court did not err in finding appellant guilty of speeding. Appellant's second assignment of error is therefore overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and TERRENCE O'DONNELL, J., CONCUR.