OPINION
Defendant-appellant, Martin D. Weisenbarger, appeals the decision of the Eaton Municipal Court finding him guilty of traffic and drug charges. We affirm the trial court for the reasons outlined below.
At approximately 2:00 a.m. on June 11, 2001, appellant pulled his vehicle onto the berm of Interstate 70 in Preble County because he felt too tired to continue driving. He parked his unlighted vehicle partially on the berm and grass of the interstate. Trooper Christopher Ward of the Ohio State Highway Patrol encountered appellant's parked vehicle and stopped to see if he could assist.
Trooper Ward testified that he observed marijuana debris on both the passenger seat and passenger side floorboard of appellant's vehicle as he was talking with appellant, who was sitting in the driver's seat. Trooper Ward asked appellant to exit his vehicle and received consent to pat down appellant. Trooper Ward felt an object in appellant's right pants pocket that felt like a pipe and asked appellant to identify it. Appellant identified the object as a pipe and handed it to the trooper.
Trooper Ward indicated that the pipe had the smell of burnt marijuana, and appellant eventually admitted that marijuana had been smoked in the pipe. Appellant also subsequently produced some marijuana that he was carrying. Appellant was charged and convicted of illegal parking, possession of marijuana, and a drug paraphernalia offense. Appellant appeals his convictions and asserts two assignments of error.[1]
Assignment of Error No. 1:
 THE EATON MUNICIPAL COURT ERRED WHEN IT DID NOT FIND THAT MARTIN WEISENBARGER WAS FOLLOWING THE LAW WHEN HE PULLED OFF THE SIDE OF THE ROAD TO REST WHEN HE WAS TOO TIRED TO DRIVE ANY FURTHER.
We interpret appellant's first assignment of error as arguing that the trial court's finding of illegal parking is contrary to the manifest weight of the evidence.
In determining whether a criminal conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
When engaging in a manifest weight analysis, the reviewing court must keep in mind that the trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Statev. Gibbs (1999), 134 Ohio App.3d 247, 256.
Appellant was found guilty of illegal parking in violation of R.C.4511.68(N). This statute states, in pertinent part, that:
 No person shall stand or park a trackless trolley or vehicle, except when necessary to avoid conflict with other traffic * * * in any of the following places:
* * *
(N) At any place where signs prohibit stopping[.]
Trooper Ward testified that signs were posted on the interstate prohibiting the stopping of vehicles along the interstate. Trooper Ward testified that he saw appellant's unlighted vehicle parked partially on the berm, and that he did not observe any emergency situation justifying appellant's parking along the interstate.
Appellant testified that he had repeatedly fallen asleep while driving that morning and that he stopped his vehicle when he felt it was not safe to continue. Appellant also presented the trial court with the a digest of Ohio motor vehicle laws, which advised motorists to pull off the road if they were too tired to drive.
Reviewing the entire record in this case, we cannot say that the trial court lost its way in determining that appellant violated R.C. 4511.68 by illegally parking his vehicle on the interstate. Implicit in the recommendation that a motorist pull over and stop driving if he or she is tired is that such action be accomplished in a lawful manner. The trial court's decision is supported by competent and credible evidence in the record. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ALSO ERRED WHEN MARTIN WEISENBARGER WAS FOUND GUILTY OF POSSESSION OF MARIJUANA AND GUILTY OF POSSESSION OF DRUG PARAPHERNALIA, ON THE BASIS THAT THE OFFICER DETECTED AN ODOR OF MARIJUANA AND THAT IS WHAT LED [sic] TO THE PAT DOWN WHICH REVELED [sic] THE MARIJUANA AND DRUG PARAPHERNALIA. THE ONLY TIME THAT THE ODOR OF MARIJUANA WAS MENTIONED IN COURT WAS WHEN THE OFFICER SMELLED THE PIPE THAT WAS FOUND DURING THE PAT DOWN.
Again we will interpret appellant's assignment of error as arguing that his drug convictions were not supported by the manifest weight of the evidence.[2]
As we previously outlined above, our standard of review for a manifest weight analysis requires that we review the entire record to see if the trier of fact clearly lost its way, justifying a reversal of the convictions.
R.C. 2925.11 states that "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C)(3) states that if the controlled substance is marijuana, the offender is guilty of possession of marijuana. R.C. 2926.14(C)(1) states that no person shall knowingly use, or possess with purpose to use, drug paraphernalia. R.C. 2925.14(B) states, in pertinent part, that in determining whether an object is drug paraphernalia, the officer or court shall consider several factors, including any statement of the owner, proximity of the object to the controlled substance and the existence of residue of the controlled substance on the object.
The trial court found that the trooper encountered appellant because of his illegally parked vehicle. The trial court stated that the officer then detected an odor of burnt marijuana that lead to a pat-down of appellant, "which lead to the pipe, which lead to the marijuana" that appellant voluntarily gave to the trooper.
Appellant contests some of the findings stated by the trial court at the conclusion of the trial. We agree with appellant's contention that the events did not occur in the sequential manner outlined by the trial court.
When a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. State v. Taylor (Nov. 5, 2001), Preble App. No. CA2001-02-003, unreported, citing State v. Payton
(1997), 124 Ohio App.3d 552, 557.
Also present in the record for our review is the testimony of Trooper Ward that he observed marijuana residue on the passenger seat and floorboard of appellant's vehicle. Trooper Ward stated that his experience and training permitted him to distinguish the marijuana debris, and that observation alerted Trooper Ward to suspected criminal activity.
Items that come within the plain view of an officer who is rightfully in a position to make such an observation are subject to seizure and constitute admissible evidence in a criminal trial. Harris v. UnitedStates (1968), 390 U.S. 234, 236, 88 S.Ct. 992, 993.
Trooper Ward asked appellant to step out of his vehicle and sought and received permission from appellant to conduct a pat-down of appellant. The trooper felt an object that he believed felt like a pipe and asked appellant to identify it. Appellant retrieved the pipe from his pocket and handed it to the trooper, who testified that he could smell the odor of burnt marijuana on the pipe. Appellant eventually admitted that the pipe had been used to smoke marijuana and subsequently handed over additional marijuana to the trooper.
In addition to contesting the trial court's findings as to the sequence of events during the encounter, appellant testified at trial and argues here that the trooper could not have viewed the marijuana residue from the position in which the trooper was standing by the vehicle. Further, appellant introduced photographs that demonstrated the cluttered nature of his vehicle seat and floorboard, thereby questioning the trooper's ability to discern marijuana residue from other debris in the vehicle.
Weighing the evidence in the entire record, we cannot say that the trier of fact created such a manifest miscarriage of justice that the drug convictions must be reversed and a new trial ordered.
There was sufficient competent and credible evidence in the record that the trooper lawfully discovered the drug evidence. Further, there was competent and credible evidence in the record that appellant possessed marijuana and drug paraphernalia. The trial court did not err in finding appellant guilty of the two drug offenses. Appellant's second assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.
[1] Appellant lists two arguments in his appellate brief, which we will consider his two assignments of error pursuant to App.R. 11.
[2] The trial court stated at the conclusion of the trial that appellant appeared to be arguing for the suppression of evidence. However, the record shows that appellant failed to file a motion to suppress pursuant to Crim.R. 12. Failure to file a pretrial motion to suppress evidence pursuant to Crim.R. 12(B)(3) precludes a challenge to its admission at trial. State v. FOE Aerie 2295, Port Clinton (1988),38 Ohio St.3d 53, 54. Failure to file an objection or motion that must be filed prior to trial constitutes a waiver of that right unless the court grants relief for good cause shown. Crim.R. 12(G). While the court acknowledged appellant's arguments, it apparently did not grant such relief and proceeded to convict appellant on all three offenses.