DECISION.
{¶ 1} Matthew Lee McDaniel appeals his conviction for speeding. We conclude that his assignments of error do not have merit, and we therefore affirm the judgment of the trial court.
 {¶ 2} McDaniel was stopped for speeding along Interstate 275. According to Officer Greg Von Luehrte, McDaniel was going 81 m.p.h. in a 65-m.p.h. zone. McDaniel pleaded not guilty, and the case was tried to the bench. At the conclusion of the trial, the court found McDaniel guilty of speeding in violation of Cincinnati Municipal Code 506-8 and ordered him to pay a fine of $100 and costs.
 {¶ 3} Before addressing McDaniel's assignments of error, we consider the city's argument that the appeal is moot because McDaniel has paid the fine and costs. We disagree. "The imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment."[1] Under R.C. 4510.036(C)(11)(b), two points were imposed on McDaniel's driving record. His appeal is not moot.
 {¶ 4} We recast McDaniel's first assignment of error to reflect his argument. In it, McDaniel asserts that the trial court erred when it took judicial notice of the reliability and accuracy of the device used to measure his speed.
 {¶ 5} Officer Von Luehrte testified that he had measured McDaniel's speed with a K-55 Enforcer radar device. McDaniel argues that, under this court's decision in Cincinnati v. Levine, the trial court was not permitted to take judicial notice of the *Page 3 
reliability of the K-55 Enforcer unless the reliability had been established by "(1) a reported municipal decision; (2) a reported or unreported case from the appellate court; or (3) the previous consideration of expert testimony about a specific device where the trial court note[d] it on the record."[2] But the speed-measuring device in that case was a laser device, not a stationary radar device.[3]
 {¶ 6} The admissibility of readings from stationary radar devices was considered by the Ohio Supreme Court in East Cleveland v.Ferell.[4] In that case, the court acknowledged that the principles of the Doppler effect, which underlie the operation of stationary radar devices, had been long established.[5] The court cited decisions from other states in which the general reliability of stationary radar devices had been recognized by the courts.[6] The Ohio Supreme Court concluded that "readings of a radar speed meter may be accepted in evidence, just as we accept photographs, X rays, electroencephalographs, speedometer readings, and the like, without the necessity of offering expert testimony as to the scientific principles underlying them."[7]
McDaniel's reliance on the Tenth Appellate District's decision inState v. Doles[8] is misplaced. There, the court was considering the reliability of a radar device that was mounted on a moving police cruiser. Officer Von Luehrte used a stationary radar device to measure McDaniel's speed. We conclude that, under the reasoning inFerell, the trial court did not err when it took judicial notice of the K-55 Enforcer's accuracy and reliability. The first assignment of error as recast is overruled. *Page 4 
 {¶ 7} We consider McDaniel's second and fifth assignments of error together. McDaniel's second assignment of error is that the trial court erred when it overruled his Crim.R. 29 motion for an acquittal. The fifth assignment of error is that his conviction was based on insufficient evidence. Both assignments of error challenge the sufficiency of the evidence to prove the offense. We must determine whether the city presented adequate evidence on each element of the offense.[9] McDaniel argues that the evidence was insufficient to establish that he was speeding because the city did not establish the following: that the speed-measuring device was accurate on the day of the citation, that Officer Von Luehrte had been properly trained, and that the speed-measuring device had been tested after the citation was issued to McDaniel.
 {¶ 8} Officer Von Luehrte testified that, prior to using the K-55 Enforcer on December 6, 2006, he had checked the device's lights and had calibrated the device using two tuning forks — one tuning fork that registered 35 m.p.h. on the device, and one that registered 80 m.p.h. McDaniel argues that the city had not established calibration because it did not present evidence that the tuning forks were accurate.
 {¶ 9} The Ninth Appellate District considered and rejected a similar argument in State v. Bechtel.[10] "[T]he weight of authority holds that when two tuning forks are used to ascertain the accuracy of the radar unit, additional proof of the accuracy of the tuning forks is not necessary. This is because each tuning fork corroborates the accuracy of the other, and it is highly unlikely that the radar unit and each tuning fork would be inaccurate to the same degree."[11] We are persuaded *Page 5 
by this reasoning, and we therefore conclude that Officer Von Luehrte's testimony was sufficient to establish that the device was working accurately on the day of the citation.
 {¶ 10} McDaniel also argues that the city did not establish that Officer Von Luehrte was qualified to operate the K-55 Enforcer, because he did not provide certification of his training. Officer Von Luehrte testified that he had had eight hours of on-the-job training and eight hours of in-class training on the operation of the K-55 Enforcer. He also testified that he had 25 years' experience in operating the device. The trial court did not err when it concluded that there was sufficient evidence of Officer Von Luehrte's qualifications to operate the device.
 {¶ 11} McDaniel also contends that the evidence that he had exceeded the posted speed limit was insufficient because the city did not establish that the radar was performing accurately after he was cited for speeding. In his brief, McDaniel acknowledges the absence of Ohio decisions that require proof of calibration of a speed-measuring device after a driver has been cited. We conclude that evidence that the device was calibrated before it was operated was sufficient to establish its accuracy. The city presented sufficient evidence that McDaniel had exceeded the posted speed limit. The second and fifth assignments of error are overruled.
 {¶ 12} In his third assignment of error, McDaniel asserts that the trial court erred in basing his conviction on Officer Von Luehrte's ability to determine McDaniel's speed visually. But the trial court's finding of guilt was based on the measurement of speed by the K-55 Enforcer radar device, not a visual determination. The third assignment of error is not well taken. *Page 6 
 {¶ 13} In the fourth assignment of error, McDaniel asserts that his conviction was based on inadmissible evidence. McDaniel argues that the radar evidence was inadmissible. But we have concluded that the trial court did not err when it admitted evidence from the radar device. The assignment of error is without merit.
 {¶ 14} We therefore affirm the judgment of the trial court.
Judgment affirmed.
CUNNINGHAM and DINKELACKER, JJ., concur.
[1] In re S.J.K., 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, syllabus.
[2] 158 Ohio App.3d 657, 2004-Ohio-5992, 821 N.E.2d 613, at ¶ 10 (citations omitted).
[3] Id.
[4] (1958), 168 Ohio St. 298, 154 N.E.2d 630.
[5] Id.
[6] Id. at 302-303.
[7] Id. at 303.
[8] (1980), 70 Ohio App.2d 35, 433 N.E.2d 1290.
[9] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[10] (1985), 24 Ohio App.3d 72, 493 N.E.2d 318.
[11] Id. at 73. *Page 1