OPINION *Page 2 
{¶ 1} Defendant-appellant, Dennis J. Lapso appeals his conviction and sentence from the Ashland County Municipal Court on one count of speeding, a minor misdemeanor in violation R.C. 4511.21(D) (2). The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 20, 2007, Trooper Matthew Dowller of the Ohio State Highway Patrol, Ashland Post was stationary in his patrol vehicle watching northbound traffic on I-71. (T. at 8). The posted speed limit for northbound traffic is 65 M.P.H. Trooper Dowller noticed a vehicle in the far left passing lane that appeared to be traveling faster than the speed limit. (T. at 8). The Trooper estimated the speed of that vehicle was 79 M.P.H. (Id. at 8-9). He then activated a laser speed device and clocked the vehicle's speed at 79 M.P.H. (T. at 13). Trooper Dowller made a traffic stop of the vehicle that was driven by appellant. When the Trooper approached the vehicle and requested information, appellant refused to roll down his window, saying that his attorney told him not to. (T. at 14). Trooper Dowller opened the door and asked appellant to step out of the vehicle. (T. at 14). The Trooper indicated that he had stopped appellant for a speed violation. Appellant refused to provide a driver's license or any identification claiming that there are no speed limits in Ohio. (T. at 15). Trooper Dowller informed appellant that if he did not identify himself, the Trooper would have to place him under arrest. At that time appellant provided his social security number. (Id.). Trooper Dowller issued appellant a citation for speeding in violation of R.C. 4511.21(D) (2). *Page 3 
 {¶ 3} The matter proceeded to a bench trial on October 19, 2007. At the conclusion of the evidence appellant was found guilty. The trial court sentenced appellant to a fine of $75.00 and court costs.
 {¶ 4} Appellant filed his Notice of Appeal on November 16, 2007; he filed an amended notice on November 19, 2007. On February 22, 2008, this Court dismissed appellant's appeal for failure to prosecute. This Court granted appellant's motion to reopen his appeal by Judgment Entry filed March 25, 2008.
 {¶ 5} Appellant does not set forth specific assignments of error with respect to each argument contained in his brief. He has set forth four arguments, which we interpret as follows:
 {¶ 6} "I. ALL EVIDENCE GATHERED BY TROOPER MATTHEW DOWLLER SHOULD BE STRICKEN FROM THE RECORD, BECAUSE IT WAS GATHERED UNDER THREAT, DURESS AND COERCION IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC 10 OF THE OHIO CONSTITUTION.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO GRANT APPELLANT'S REQUEST TO CONTINUE THE TRIAL DATE.
 {¶ 8} "III. THE TRIAL COURT ERRED WHEN IT ADMITTED TESTIMONY CONCERNING THE SPEED OF APPELLANT'S VEHICLE AS DETERMINED BY THE CUSTOM SIGNAL PRO LASER II DEVICE.
 {¶ 9} "IV. THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME OF SPEEDING, I.E. THAT APPELLANT'S SPEED WAS UNREASONABLE AND UNSAFE FOR THE CONDITIONS." *Page 4 
 I. {¶ 10} In his first assignment of error, appellant argues that all evidence should be stricken from the record because it was gathered in violation of his Fifth Amendment right against self-incrimination. We disagree.
 {¶ 11} No motion to suppress evidence secured by Trooper Dowller was ever filed pursuant to Crim. R. 12. In State v. F.O.E. Aerie 2295
(1988), 38 Ohio St. 3d 53, 526 N.E.2d 66, the Ohio Supreme Court stated:
 {¶ 12} "Failure to file a pretrial motion to suppress evidence pursuant to Crim. R. 12(B) (3) precludes a challenge to its admission at trial. In this regard, Crim. R. 12(G) provides that:
 {¶ 13} "`Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver.'
 {¶ 14} "In State v. Wade (1978), 53 Ohio St.2d 182, 7 O.O.3d 362,373 N.E.2d 1244, this court considered the failure of a criminal defendant to file a motion to suppress evidence prior to trial. Paragraph three of the syllabus states:
 {¶ 15} "The failure to move within the time specified by Crim. R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of the error. (Crim. R. 12[G].)'
 {¶ 16} "Accord State v. Moody (1978), 55 Ohio St. 2d 64, 66,9 O.O.3d 71, 72,377 N.E.2d 1008, 1010." 38 Ohio St.3d at 54-55,526 N.E. 2d at 67. *Page 5 
 {¶ 17} Inasmuch as the evidence considered by the trial court was not the subject of a timely motion to suppress, any error regarding its admissibility was waived. Id. at 56, 526 N.E. 2d at 68.
 {¶ 18} Appellant's first assignment of error is overruled.
 II. {¶ 19} In his second assignment of error, appellant argues that the trial court erred when it failed to continue the trial so that appellant could answer the State's request for discovery. We disagree.
 {¶ 20} A reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. Ungar v. Sarafite
(1964), 376 U.S. 575, 589, 84 S. Ct. 841.
 {¶ 21} In denying the appellant's motion to continue made on the day of trial, the trial court stated:
 {¶ 22} "You requested a continuance . . . [b]asically because you had not responded to the State's request for discovery . . . I checked with the law director's office; they were not terribly concerned about that. That's why I did not grant your continuance . . ." (T. at 4).
 {¶ 23} In the case at bar, appellant failed to provide the trial court with any indication of the expected nature or relevancy of the information, or how he would be prejudiced if the continuance were not granted. State v. Mills, 5th Dist. No. 01-COA01444, 2002-Ohio-556; State v. Komadina, 9th Dist. No. 02-CA-008104, 2003-Ohio-1800. On appeal, appellant fails to articulate any specific fact to indicate that he was prejudiced by the denial. *Page 6 
 {¶ 24} Therefore, based upon the record before this court, we find that appellant has failed to show prejudice and we cannot say that the trial court abused its discretion when it denied appellant's motion for a continuance.
 {¶ 25} Appellant's second assignment of error is overruled.
 III. {¶ 26} In his third assignment of error appellant argues that the trial court erred when it admitted testimony concerning the speed of appellant's vehicle as determined by the Custom Signal Pro Laser II device. We disagree.
 {¶ 27} The admissibility of readings from stationary radar devices was considered by the Supreme Court of Ohio in City of East Cleveland v.Ferrell (1958), 168 Ohio St. 298, 154 N.E.2d 630. In that case, the Court acknowledged that the principles of the Doppler Effect, which underlie the operation of stationary radar devices, had been long established. Id. Additionally, the Supreme Court of Ohio concluded that "readings of a radar speed meter may be accepted in evidence, just as we accept photographs, X-rays, electroencephalographs, speedometer readings, and the like, without the necessity of offering expert testimony as to the scientific principles underlying them." Id. at 302-303, 154 N.E. 2d 630. See also City of Cincinnati v. McDaniel, 1st Dist. No. C-070034, 2008-Ohio-703 at ¶ 6.
 {¶ 28} In the case at bar, Trooper Dowller testified that he was stationary at the time he activated the laser speed-measuring device. (T. at 13). He further testified that he utilized a Custom Pro Signal Laser II to record appellant's speed. (Id.). At trial, the prosecutor asked the judge to take judicial notice of the reliability of the laser device. The trial court responded: *Page 7 
 {¶ 29} "All right. The record should reflect that a copy of the case of the State of Ohio versus Bradley A. Walker has been provided to the Defendant in which this court heard expert testimony. The expert was qualified to testify, qualified as an expert, and convinced the Court that the Custom Pro-Signal Pro Laser II is a scientifically reliable speed-measuring device. I am going to mark this as Court's Exhibit 1, and admit it on the Court's motion." (T. at 12-13).
 {¶ 30} The taking of judicial notice is governed by Evid. R. 201. Under Evid. R. 201(B), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The scientific reliability of a laser device is the type of fact that a trial court may judicially notice.Cincinnati v. Levine, 158 Ohio App.3d 657, 2004-Ohio-5992, at ¶ 8, citing Columbus v. Dawson (Mar. 14, 2000), 10th Dist. No. 99AP-589.
 {¶ 31} "Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision; (2) a reported or unreported case from the appellate court; or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." Levine, supra, at ¶ 10. (Citations omitted.). State v. Kress, Trumbull App. No. 2007-T-0075, 2008-Ohio-1658 at ¶ 11-12.
 {¶ 32} We find that the trial court did not err or abuse its discretion in taking judicial notice of the laser device used in the present case. Our review of the record reveals that the court specifically noted that it had previously heard expert testimony on *Page 8 
the particular laser device and that it had subsequently taken judicial notice of the reliability and limitations of the Custom Pro-Signal Pro Laser II.
 {¶ 33} Even if judicial notice were improper, as stated in State v.Dawson, 5th Dist. No. 03-COA-061, 2004-Ohio-2324 at ¶ 23, "Ohio law is clear that an officer's testimony that, based upon his visual observation, a vehicle is speeding is in and of itself sufficient to support a conviction for speeding."
 {¶ 34} Trooper Dowller testified that prior to activating the laser device he made a visual estimate of appellant's speed. (T. at 8-9). Accordingly, any error in the admissibility of testimony concerning the speed of appellant's vehicle as determined by the Custom Signal Pro-Laser II device was harmless beyond a reasonable doubt.
 {¶ 35} Appellant's third assignment of error is overruled.
 IV. {¶ 36} In his fourth assignment of error, appellant contends that the State failed to prove an essential element of the crime of speeding. Appellant contends that the State failed to prove that his speed was unreasonable and unsafe for the conditions. We disagree.
 {¶ 37} Appellant was cited for a violation of R.C. 4511.21(D) which states, in relevant part, "[n]o person shall operate a motor vehicle upon a street or highway as follows: (2) At a speed exceeding sixty-five miles per hour upon a freeway as provided in division (B) (13) of this section except as otherwise provided in division (D) (3) of this section."
 {¶ 38} In State v. Dennis, Knox App. No. 2003-CA-000039,2004-Ohio-3329, at ¶ 11-13, this Court interpreted R.C. 4511.21, holding in part: *Page 9 
 {¶ 39} "R.C. 4511.21 (C) contains two separate and distinct components. The first component is that "[i]t is prima facie unlawful to exceed any of the speed limitations" contained in Subdivision (B). The second component states `[i]t is unlawful for any person to exceed any of the speed limitations in Division (D) of this section [.] * * *'
 {¶ 40} "Although it is prima faci[e] unlawful to exceed the posted speed limit pursuant to the first branch of 4511.21(C), it is clear the State legislature has determined in the second branch that this rebuttable presumption of speed does not apply above the maximum speeds set forth in Subsection (D). In other words it is a per se speeding violation."
 {¶ 41} Other courts have similarly held that, where a defendant is charged under the provisions of R.C. 4511.21(D), the issue whether the defendant's speed was unreasonable under the circumstances is not relevant. See, Columbus v. Conley, Franklin App. No. 05AP-1332,2006-Ohio-4625 at ¶ 12.
 {¶ 42} Accordingly, whether appellant's speed was unreasonable under the conditions was not relevant to the trial court's determination. Upon review of the record presented, including unchallenged testimony that appellant was driving in excess of 65 M.P.H., there was sufficient evidence presented upon which a rational trier of fact could have found that appellant violated R.C. 4511.21(D)(2).
 {¶ 43} Appellant's fourth assignment of error is overruled. *Page 10 
 {¶ 44} For the foregoing reasons, the judgment of the Ashland County Municipal Court is hereby affirmed.
 Gwin, J., Hoffman, P.J., and Farmer, J., concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is hereby affirmed. Costs to appellant. *Page 1