[Cite as *State v. Brooks*, 2015-Ohio-3465.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHANA R. BROOKS | : | Case No. 15 CA 07 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　Appeal from the Cambridge
　　　　　　　　　　　　　　　　　Municipal Court, Case No.
　　　　　　　　　　　　　　　　　14CRB01439

JUDGMENT:　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT:　　　　　　　　August 24, 2015

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

MYRA K. SCHEURER　　　　　　　　SHANA R. BROOKS,  pro se
Assistant Cambridge Law Director　　2014 1/2 - 16th Street
150 Highland Avenue, Suite 2　　　　Parkersburg, WV 26101
Cambridge, OH 43725

*Baldwin, J.*

{¶1} Appellant Shana R. Brooks appeals a judgment of the Cambridge Municipal Court convicting her of possession of drug paraphernalia in violation of R.C. 2925.12. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On December 2, 2014, Trooper Steven Roe of the Ohio State Highway Patrol was on patrol on Interstate 77 in Guernsey County. He stopped a vehicle for a suspected window tint violation. Appellant was riding in the passenger seat. Upon discovering that the operator's license of the driver of the vehicle was suspended and that the driver had a criminal history of drug possession, he called Trooper Scott Bayless to come to the scene with his canine. The dog alerted for the odor of drugs in the vehicle. Trooper Roe searched appellant's purse and found a marijuana pipe inside.

{¶3} Appellant was charged with possession of drug paraphernalia in violation of R.C. 2925.12, a misdemeanor offense. The case proceeded to bench trial in the Cambridge Municipal Court. Appellant was convicted as charged. The court suspended her driver's license for six months and fined her $100.00. She assigns one error on appeal:

{¶4} "THE TRAFFIC STOP OF THE APPELLANT'S CAR AND SUBSEQUENT SEARCH OF HER PURSE, FOR A WINDOW TINT VIOLATION, IN WHICH LEGAL TRANSMITTANCE OF LIGHT WAS FOUND ON THE WINDOW AND NO TICKET WAS ISSUED, VIOLATES THE CONSTITUTION OF THE UNITED STATES, 4TH AMENDMENT RIGHTS."

{¶5}    While appellant argues that the stop of the vehicle and search of her purse violated the Fourth Amendment, she failed to file a motion to suppress in the trial court.

{¶6}    Crim. R. 12(C)(3) provides:

{¶7}    "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

{¶8}    "(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only."

{¶9}    By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission. *State v. Campbell*, 69 Ohio St.3d 38, 44, 1994-Ohio-492, 630 N.E.2d 339, 347 (1994), *citing State v. Wade*, 53 Ohio St.2d 182, 373 N.E.2d 1244  paragraph three of the syllabus (1978); *State v. F.O.E. Aerie 2295*, 38 Ohio St.3d 53, 526 N.E.2d 66, paragraph two of the syllabus (1988).

{¶10} Accordingly, appellant has waived any objection to the admission of the marijuana pipe by failing to file a motion to suppress on the grounds that the evidence was obtained through an illegal stop and search.

{¶11} The assignment of error is overruled. The judgment of the Cambridge Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.