**CITY OF CINCINNATI, Appellee,**

v.

**LEVINE, Appellant.**

[Cite as *Cincinnati v. Levine*, 158 Ohio App.3d 657, 2004-Ohio-5992.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040192.

Decided Nov. 12, 2004.

Julia L. McNeil, City Solicitor, Ernest McAdams, City Prosecutor, and Keith C. Forman, Assistant City Prosecutor, for appellee.

Jayson Levine, pro se.

MARK P. PAINTER, Judge.

{¶ 1} Defendant-appellant Jayson Levine appeals his conviction for speeding in violation of Cincinnati Municipal Code 506–8. We reverse the conviction and discharge Levine.

{¶ 2} Levine was driving on the West Sixth Street viaduct in Hamilton County in February 2004. Cincinnati Police Specialist Al Gober witnessed Levine traveling faster than another car. He then used an LTI 20–20 laser device to determine that Levine was traveling at 69 miles per hour. The posted speed limit was 50 miles per hour.

{¶ 3} Gober had checked the laser unit's calibration earlier that morning, including performing four different calibration tests. The laser unit passed all of these tests. But the city did not offer any expert testimony concerning the accuracy and dependability of the LTI 20–20 laser device.

{¶ 4} At trial, Levine objected to the introduction of Gober's laser-device testimony, claiming that the prosecution had not laid a proper foundation to establish the device's accuracy. But the trial court accepted Gober's testimony about the laser unit anyway. The trial court then found Levine guilty and fined him the court costs.

{¶ 5} On appeal, Levine assigns four errors: (1) the trial court erred by taking judicial notice of the accuracy and dependability of the laser device, (2) the acceptance of the laser-device testimony deprived Levine of his due-process and confrontation-of-witnesses rights, (3) not all the elements of the offense were proved beyond a reasonable doubt, and (4) the trial court should have granted Levine's motion for acquittal. Because the first and fourth assignments are dispositive, we need not address the other two.

## I.  The LTI 20–20 Device and Judicial Notice

{¶ 6} Levine's first assignment is that the trial court should not have taken judicial notice of the accuracy and dependability of the LTI 20–20 laser device. The trial court claimed that this was not a matter of judicial notice, but merely a matter of evidence. The trial court was mistaken.

{¶ 7} "A judicially noticed fact must not be one subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned."[1]

{¶ 8} The scientific reliability of a laser device is the type of fact that a trial court may judicially notice.[2] And LTI 20–20 devices have been afforded such judicial notice in several jurisdictions in Ohio.[3] But the fact that a court has taken judicial notice in one jurisdiction cannot serve as the basis for taking judicial notice in another jurisdiction.[4]

---

1.  Evid.R. 201(B).

2.  See id.; *Columbus v. Dawson* (Mar. 14, 2000), 10th Dist. No. 99AP–589, 2000 WL 271766.

3.  *Columbus v. Dawson* (Mar. 14, 2000), 10th Dist. No. 99AP–589; *State v. Saphire* (Dec. 8, 2000), 2d Dist. No. 2000 CA 39, 2000 WL 1803852; *State v. Dawson* (Dec. 21, 1998), 12th Dist. No. CA98–04–021, 1998 WL 883802.

4.  *State v. Doles* (1980), 70 Ohio App.2d 35, 24 O.O.3d 25, 433 N.E.2d 1290.

{¶ 9} In *State v. Doles*,[5] the Tenth Appellate District reversed the defendant's speeding conviction where the trial court could not have judicially recognized the scientific reliability of a K–55 radar unit. The court held that where there was no testimony concerning the construction and method of operation of a speed-measuring device not the subject of judicial notice, the testimony that the officer used the device properly was insufficient to sustain a conviction for speeding. The court also noted that in order for judicial notice to be taken, the fact must be one of common knowledge throughout the court's jurisdiction.

■ {¶ 10} Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision,[6] (2) a reported or unreported case from the appellate court,[7] or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record.[8]

■ {¶ 11} None of those verifying criteria are present here. In fact, the trial court suggested that it was merely a matter of the introduction of evidence. We can find no case—municipal or otherwise—from this jurisdiction that even mentions the LTI 20–20 laser device. And the trial court did not mention that it was aware of the accuracy and dependability of the device because of any previous expert testimony that it had heard. Gober testified that he had performed the necessary calibration tests, but he did not and could not testify about the construction and accuracy of the entire class of LTI 20–20 devices. It was therefore improper for the trial court to admit his testimony about the LTI 20–20 and the reading that he obtained.

{¶ 12} This holding does not mean that the prosecution must present expert testimony every time it presents evidence from an LTI 20–20 (or any other) laser device. Rather, it merely means that the prosecution must do it at least once. And the trial court may then take judicial notice of the device's accuracy and dependability, as well as hear testimony concerning any reading obtained from the device.

{¶ 13} But the city here took none of the necessary steps. Absent expert testimony, the trial court could not take judicial notice of the LTI 20–20's accuracy and dependability. Even though the trial court stated that it was a

---

5. Id.

6. See *Akron v. Gray* (1979), 60 Ohio Misc. 68, 14 O.O.3d 303, 397 N.E.2d 429.

7. See *State v. Doles* (1980), 70 Ohio App.2d 35, 24 O.O.3d 25, 433 N.E.2d 1290.

8. See *State v. Dawson* (Dec. 21, 1998), 12th Dist. No. CA98–04–021.

simple matter of evidence, it was really a matter of judicial notice. And all of Gober's testimony concerning the LTI 20–20 was therefore inadmissible.

{¶ 14} We therefore sustain Levine's first assignment of error.

## II.   The Motion for Judgment of Acquittal

{¶ 15} In his fourth assignment, Levine argues that the trial court erred in overruling his motion for a judgment of acquittal. Levine is correct.

{¶ 16} A motion for an acquittal may be granted if the evidence is insufficient to sustain a conviction on the offense charged.[9] The standard for reviewing sufficiency is whether any rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime proved beyond a reasonable doubt.[10]

{¶ 17} Cincinnati Municipal Code 506–8 prohibits any person from operating a motor vehicle "at a greater speed or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing."

{¶ 18} Gober was the only person to testify at trial. He testified that he witnessed Levine driving and that he "appeared to be going faster than another vehicle on the street." Gober also stated that he believed Levine's speed was unreasonable and unacceptable. He stated that Levine's speed was unreasonable because 69 miles per hour was 19 miles per hour over the posted speed limit, because the viaduct was a heavily traveled roadway, and because the speed limit dropped to 35 miles per hour about a quarter mile past where he had first observed Levine. He also testified about the laser device's calibration and the 69–mile–per–hour reading. No other evidence was introduced. Levine then moved for acquittal.

{¶ 19} As we have already stated, any testimony concerning the reading from the laser device was inadmissible. It is conceivable that a police officer's observations may be the sole basis to sustain a finding of guilt for a speeding violation.[11] But Gober's testimony that Levine's speed was unreasonable and unacceptable for the road conditions was based on inadmissible evidence.[12]

---

9.   Crim.R. 29(A).

10.   *State v. Hughbanks*, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

11.   See *Cincinnati v. Dowling* (1987), 36 Ohio App.3d 198, 521 N.E.2d 1140; *State v. Dawson*, 5th Dist. No. 03–COA–061, 2004-Ohio-2324, 2004 WL 1043220.

12.   See *Columbus v. Dawson* (Mar. 14, 2000), 10th Dist. No. 99AP–589.

{¶ 20} In a similar case, testimony that a defendant was traveling "in excess" of the posted speed limit, standing alone, was insufficient to sustain a conviction for speeding.[13] The only admissible testimony that remained here was Gober's statement that Levine "appeared to be going faster than another vehicle on the street." Going faster than another car was not alone a violation of Cincinnati Municipal Code 506–8; Gober's testimony was insufficient to sustain a conviction. The trial court should have granted Levine's motion for a judgment of acquittal.

{¶ 21} Accordingly, we reverse the trial court's judgment and discharge Levine.

Judgment reversed<br>and appellant discharged.

DOAN, P.J., and HILDEBRANDT, J., concur.

---

13. *State v. Saphire* (Dec. 8, 2000), 2d Dist. No. 2000 CA 39.