DECISION.
{¶ 1} On June 10, 2005, Jennifer Branch was traveling north through the city of Cincinnati on Interstate 75. She was clocked by a laser device at 77 miles per hour in a 55-mile-per-hour zone. Cincinnati Police Officer Gregory Toyeas, who had operated the laser, charged her with speeding in violation of Cincinnati Municipal Code 506-8. After a trial to the court, she was found guilty as charged.
 {¶ 2} Branch now asserts two assignments of error that are considered together. Her first assignment is that her conviction was based on inadmissible evidence. The second is that it was based on insufficient evidence. We find her assignments to be well taken.
 {¶ 3} At trial, the only evidence was the testimony of Officer Toyeas, who testified that Branch had been going faster than the flow of traffic, and that he had measured Branch's speed with a laser device known as a Laser Atlantic. No foundation was laid regarding the accuracy of the laser device.
 {¶ 4} In Cincinnati v. Levine,[1] this court held that where no such foundation has been laid, a trial court cannot take judicial notice of a speed-measuring device's accuracy and dependability. And any results obtained from the device's use are inadmissible. This does not mean that the state must present expert testimony in each case in which a new laser device has been used. But for a court to take judicial notice of the reliability of a laser device, its reliability must have been established by "(1) a reported municipal court decision, (2) a reported or unreported decision from the appellate court, or (3) the previous consideration of expert testimony about [the device] where the trial court notes it on the record."[2]
 {¶ 5} No expert testimony was presented in this case, and there is no other case where the reliability of the Laser Atlantic device has been established. The trial court should not have admitted the evidence of the laser reading. And absent evidence from a reliable laser device, Toyeas's testimony that Branch was going faster than the flow of traffic was insufficient to establish a violation of Cincinnati Municipal Code 506-8. Both assignments of error are well taken. We reverse the judgment of the trial court, and Branch is discharged from further prosecution in this case.
Judgment accordingly.
Gorman, P.J., and Painter, J., concur.
[1] (2004), 158 Ohio App.3d 657, 2004-Ohio-5992,821 N.E.2d 613.
[2] Id. at 660.