DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Erie County Court, Milan, Ohio, wherein appellant, Harvey J. McGowan, was convicted of speeding in violation of R.C.4511.21(D)(2). Based on the record before us, we affirm the judgment of the trial court.
 {¶ 2} On June 27, 2005, state highway patrolman Ron Kisner stopped appellant on the Ohio Turnpike and cited him for traveling 92 m.p.h. in a 65 m.p.h. zone. Appellant entered a not guilty plea to the charge and a bench trial commenced on September 23, 2005. On October 24, 2005, appellant was found guilty and fined $100. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred in taking `judicial notice' or [sic] the `Marksman 20-20' laser devise [sic], when there had been no evidence presented that `expert' testimony about the underlying principles of laser technology was even given on the operations of this particular devise [devise].
 {¶ 4} "II. The trial court erred by permitting a trooper to testify as to the operations of the `Marksman LTI 20-20' laser detection devise [sic], where the record show [sic] that the Trooper has never received training on the `particular' devise [sic].
 {¶ 5} "III. The trial court erred in granting judgment against the appellant, whereby the testimony does not support the charge beyond a reasonable doubt and is against the manifest weight of the evidence."
 {¶ 6} In his first assignment of error, appellant contends that the trial court erred in taking judicial notice of the accuracy and dependability of the Marksman 20-20 laser device. Patrolman Kisner testified that he used the Marksman 20-20 laser device to determine that appellant was traveling 92 m.p.h.
 {¶ 7} The taking of judicial notice is governed by Evid.R. 201. Under Evid.R. 201(B), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The scientific reliability of a laser device is the type of fact that a trial court may judicially notice.Cincinnati v. Levine, 158 Ohio App.3d 657, 2004-Ohio-5992, citing Columbus v. Dawson (Mar. 14, 2000), 10th Dist. No. 99AP-589.
 {¶ 8} Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision, (2) a reported or unreported case from the appellate court, or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record. Cincinnati v. Levine, supra.
 {¶ 9} In the present case, the trial court specifically stated on the record:
 {¶ 10} "The court having previously considered expert testimony on the accuracy of the reliability of the LTI-20-20 and finding same to be appropriate, the court will hereby take judicial notice of the accuracy and reliability in this case."
 {¶ 11} Although the court neglected to mention the word "Marksman" when referring to the laser device, Patrolman Kisner testified that the "Marksman" LTI-20-20 was the only one his department used. Viewing the transcript as a whole, we find that the court was referring to the "Marksman" when, based on previously considered expert testimony, the court took judicial notice of the laser device's accuracy and reliability. Appellant's first assignment of error is found not well-taken.
 {¶ 12} In his second assignment of error, appellant contends that the court erred in allowing patrolman Kisner to testify as to the workings of the "Marksman" LTI-20-20 when there was no evidence that the patrolman had ever been trained to use the device. We disagree.
 {¶ 13} Plaintiff's exhibit 1, admitted into evidence, was a highway patrol record showing that Kisner had successfully completed training in the use of various laser devices including the LTI-20-20. When asked on cross examination if LTI 20-20, as it appeared on his record was the "Marksman" LTI 20-20, Kisner affirmatively replied that the "Marksman" is the one he was trained on and the one he used. Finding this evidence sufficient, appellant's second assignment of error is found not well-taken.
 {¶ 14} In his third assignment of error asserting that his conviction is against the manifest weight of the evidence, appellant merely reargues the points raised in his first two assignments of error. Given our disposition of appellant's first two assignments of error, appellant's third assignment of error is found not well taken.
 {¶ 15} The judgment of the Erie County Court, Milan, Ohio, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.