DECISION.
{¶ 1} Defendant-appellant Jessie Palmer appeals his conviction for speeding. Because the state failed to produce evidence of the laser device and its reliability, his conviction is reversed.
 I. Speeding Down the Highway {¶ 2} On July 21, 2005, Palmer was driving on Interstate 71 when he was pulled over by Ohio State Highway Patrol Officer Paul Lezotte for speeding. Officer Lezotte had used a laser device to determine that Palmer was traveling 79 miles per hour ("m.p.h.") in a 55 m.p.h. zone. Officer Lezotte cited Palmer for speeding in violation of R.C. 4511.21(D)(1).
 {¶ 3} At trial, Palmer argued that Officer Lezotte could not have used the laser device to determine his speed because he had a laser scrambler in his car. Despite this defense, the trial court convicted Palmer of speeding and ordered him to pay fifty dollars plus court costs.
 {¶ 4} Officer Lezotte testified that he self-checked the laser device the morning of the offense, and that the laser device was recalibrated and rechecked for calibration once a year. At no point did the state identify the laser device. And the court never took judicial notice of its reliability.
 {¶ 5} Palmer now appeals and argues that (1) his conviction was against the weight of the evidence; (2) the court erred in accepting Officer Lezotte's testimony about the speed reading he obtained from the laser device, where there was no foundation laid for the device's accuracy and dependability; and (3) there was insufficient evidence to convict him of speeding.
 II. No Laser Device, No Reliability {¶ 6} Palmer's second and third assignments of error argue that the state failed to produce sufficient evidence to support his speeding conviction because the state failed to lay a proper foundation for the laser device's reliability. The state argues that we should not consider the second assignment of error because Palmer did not object to an improper foundation. The state is incorrect.
 {¶ 7} When defendants enter a "not guilty" plea, they preserve their right to object to the sufficiency of the evidence.[1] And a conviction based on insufficient evidence almost always amounts to plain error.[2]
"`Whether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic,' because regardless of the standard used, `a conviction based on legally insufficient evidence constitutes a denial of due process.'"[3]
 {¶ 8} Accordingly, if the evidence is insufficient (regardless of whether we review it under a prejudicial-error standard or a plain-error standard), the conviction must be reversed.
 {¶ 9} When reviewing the sufficiency of the evidence, we must examine the evidence in the light most favorable to the state and determine whether that evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[4]
 {¶ 10} For a person to be convicted of speeding based on laser-device evidence, evidence must be introduced that the laser device is scientifically reliable.[5]
 {¶ 11} We have stated that the scientific reliability of a laser device is the type of fact that a trial court may judicially notice.[6] A judicially noticed fact must not be subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[7]
 {¶ 12} Thus, the state can establish the reliability of a speed-measuring device through "(1) a reported municipal court decision, (2) a reported or unreported case from the appellate court, or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record."[8]
 {¶ 13} Evidence must also be introduced to demonstrate that (1) the laser device is in good condition for accurate readings and (2) the officer is qualified to administer the laser device.[9]
 {¶ 14} In the present case, the state presented Officer Lezotte's testimony that the laser was in good working order and that he had been certified to use speed-measuring devices. Palmer does not challenge these aspects of the state's case. Instead, he argues that the state failed to properly lay the foundation for the laser device's reliability in the trial court. His assignment of error is well taken.
 {¶ 15} Where the state fails to offer testimony about the construction and method of operation of a laser device not the subject of judicial notice, the testimony of the officer alone is insufficient to sustain a conviction for speeding.[10]
 {¶ 16} Here, the state failed to introduce even the identity of the laser device. The trial court could not then conclude that the reliability of this unknown machine had been recognized by courts within our district. Thus, the unknown and unspecified laser device could not have been used as evidence of Palmer's speed.
 {¶ 17} The state's only witness, Officer Lezotte, relied upon his laser device to determine that Palmer was speeding. Because we have ruled that the laser device's reading as to Palmer's speed should not have been admitted, and because the record is devoid of any other evidence that Palmer was speeding, his speeding conviction must be reversed based upon insufficient evidence.
 {¶ 18} Accordingly, the trial court's judgment is reversed and Palmer is discharged from further prosecution.
Judgment reversed and appellant discharged.
Hendon and Winkler, JJ., concur.
Winkler, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Jones, 91 Ohio St.3d 335, 346, 2001-Ohio-57,744 N.E.2d 1163, and State v. Carter, 64 Ohio St.3d 218, 223,1992-Ohio-127, 594 N.E.2d 595.
[2] See State v. Shadoan, 4th Dist. No. 03CA764,2004-Ohio-1756, at ¶ 16; State v. Hermann, 6th Dist. No. E-01-039, 2002-Ohio-7307, at ¶ 24; State v. Brown (July 14, 2000), 2nd Dist. No. 17891; State v. Miller,153 Ohio App.3d 665, 2003-Ohio-4221, 795 N.E.2d 690, at ¶ 57.
[3] See Miller, 153 Ohio App.3d 665, 2003-Ohio-4221,795 N.E.2d 690, at ¶ 57, citing State v. Thompkins,78 Ohio St.3d 380, 386-387, 1997-Ohio-52, 678 N.E.2d 541, Tibbs v. Florida
(1982), 457 U.S. 31, 45, 102 S.Ct. 2211, and Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781.
[4] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[5] See East Cleveland v. Ferell (1958), 168 Ohio St. 298,301, 154 N.E.2d 630.
[6] See Cincinnati v. Levine, 158 Ohio App.3d 657,2004-Ohio-5992, 821 N.E.2d 613, at ¶ 7, citing Columbus v.Dawson (Mar. 14, 2000), 10th Dist. No. 99AP-589.
[7] Evid.R. 201(B).
[8] Levine, 158 Ohio App.3d 657, 2004-Ohio-5992,821 N.E.2d 613, at ¶ 10.
[9] See State v. Wilcox (1974), 40 Ohio App.2d 380, 384,319 N.E.2d 615.
[10] See New Middletown v. Yeager, 7th Dist. No. 03-MA-104,2004-Ohio-1549), citing State v. Colby (1984),14 Ohio App.3d 291, 470 N.E.2d 924.