DECISION.
{¶ 1} Defendant-appellant, Lila Polen, appeals the judgment of the Hamilton County Municipal Court convicting her of two offenses: operating a motor vehicle with a prohibited breath-alcohol concentration for a person under 21 years of age in violation of R.C. 4511.19(B)(3) and speeding under Cincinnati Municipal Code 506-8. She was convicted after a bench trial.
 The Traffic Stop {¶ 2} Early one morning, at approximately 2:30 a.m., Cincinnati Police Officer Joe Stevens was on traffic patrol on Interstate 75. He stopped a car traveling at 75 miles per hour in a 55-mile-per-hour zone. Polen was driving the car, and there were three passengers.
 {¶ 3} As Stevens approached the car, he noticed that a passenger in the back seat was attempting to hide something. When Polen opened the window of the car, Stevens noted an odor of an alcoholic beverage coming from the car.
 {¶ 4} Stevens learned from Polen's license that she was only 19 years old. He asked her to get out of the car, and when she complied, Stevens saw that the passenger in the back seat had an open container of beer.
 {¶ 5} Because Polen's car was stopped on the left berm of the highway, the officer placed Polen in his cruiser to avoid traffic. As he spoke to Polen in the cruiser, he detected an odor of an alcoholic beverage on her breath. Polen initially denied having consumed alcohol, but when Stevens asked her to submit to a portable breath test, she stated that she had consumed two glasses of wine with her mother.
 {¶ 6} The portable breath test confirmed that Polen had consumed alcohol, and Stevens placed her under arrest. A breathalyzer test administered at the police station indicated that Polen had a breath-alcohol concentration of .053 grams by weight of alcohol per 210 liters of her breath, which was a prohibited level for a person under 21 years old.
 {¶ 7} Polen filed a motion to suppress the evidence of the breathalyzer test on the basis that Stevens had lacked probable cause to arrest her. The trial court denied the motion and, after trial, found Polen guilty.
 Motion to Suppress {¶ 8} In her first assignment of error, Polen now argues that the trial court erred in overruling her motion to suppress.
 {¶ 9} When considering a motion to suppress, the trial court acts as the trier of fact and is in the best position to evaluate the credibility of witnesses and to weigh the evidence.[1]
Although we must accept the trial court's findings of fact if they are supported by some competent, credible evidence, we conduct a de novo review of whether the facts meet the applicable legal standard.[2]
 {¶ 10} Polen first contends that the court erred in admitting her statement to Stevens that she had consumed alcohol. She argues that when Stevens placed her in the cruiser and questioned her about her alcohol consumption, he was required to inform her of her rights under Miranda v. Arizona.[3]
 {¶ 11} Routine questioning of a motorist during a traffic stop does not constitute custodial interrogation that would trigger the protections of Miranda.[4]
 {¶ 12} In this case, Stevens was justified in having Polen get out of the car in light of the odor of alcohol coming from the vehicle. As Stevens stated, he wished to determine if the odor was coming from Polen and to determine if he should cite the passengers for possessing open containers of alcohol. Polen was not under arrest at that point.
 {¶ 13} Stevens was also justified in placing Polen in the cruiser in light of their location in the left berm of the highway. This action was necessary to ensure their safety and did not constitute an arrest.
 {¶ 14} It was during routine processing of the traffic citation that Stevens smelled alcohol on Polen's breath. His questioning of Polen about whether she had been drinking was part of the questioning about the traffic stop and properly led him to request Polen to submit to the portable breath test.
 {¶ 15} In any event, Stevens would have been justified in requesting the portable breath test even without Polen's admission that she had been drinking. The presence of alcohol in the car and the odor of alcohol on Polen's breath were sufficient to justify the administering of the portable breath test and the subsequent arrest. Under these circumstances, any claimed error in the admission of Polen's statement was harmless.
 {¶ 16} Polen also argues that the trial court's finding of probable cause to arrest was contrary to the evidence.
 {¶ 17} The test in this case is whether the facts and circumstances known by the officer were sufficient to warrant a prudent person's belief that Polen was guilty of driving with a prohibited breath-alcohol concentration.[5]
 {¶ 18} We hold that the facts were sufficient to establish probable cause. The presence of alcohol in the car, coupled with the smell of alcohol on Polen's breath and the result of the portable breath test, amply supported the decision to make the arrest. We overrule the first assignment of error.
 Judicial Notice of the Laser Device {¶ 19} In the second and final assignment of error, Polen argues that the trial court erred in taking judicial notice of the reliability of the LTI 20-20 laser device that Stevens had used to determine her speed. It is undisputed that the trial court's decision to take judicial notice was based solely on the transcript of a 1993 Hamilton County Municipal Court trial, in which the court had recognized the reliability of the laser device.
 {¶ 20} In Cincinnati v. Levine,[6] this court held that a trial court may take judicial notice of a speed-detection device if the reliability of the device had been established by (1) a prior reported municipal court decision; (2) a reported or unreported decision of an appellate court; (3) or the previous consideration of expert testimony about a specific device where the trial court notes it on the record.[7]
 {¶ 21} In this case, the state relied solely on the third alternative described in Levine. But here, there is nothing in the record to indicate that the judge in the prior municipal court case had journalized the decision to take judicial notice of the device's reliability. Because a court speaks only through its journal entries,[8] the transcript alone was insufficient to warrant judicial notice in this case. Accordingly, the conviction for speeding was based on insufficient evidence, entitling Polen to an acquittal and discharge from further prosecution for that offense.
 {¶ 22} Polen next argues that all evidence flowing from the traffic stop was subject to exclusion because of the failure of the state to establish that the laser device was reliable. That assertion is incorrect.
 {¶ 23} Polen did not raise the issue of the device's reliability until after the trial court had overruled the motion to suppress. At the hearing on the motion, Polen stipulated that Stevens had possessed reasonable suspicion to make the traffic stop. Under these circumstances, Polen waived the reliability issue as it related to the propriety of the arrest.[9] The trial court therefore did not err in overruling the motion to suppress.
 {¶ 24} We sustain the second assignment of error as it relates to the sufficiency of the evidence to support the speeding conviction and otherwise overrule the assignment.
 Conclusion {¶ 25} We reverse Polen's conviction for speeding under Cincinnati Municipal Code 506-8 and discharge her from further prosecution on that offense. In all other respects, we affirm the judgment of the trial court.
Judgment accordingly.
Winkler, J., concurs.
Painter, J., concurs separately.
Winkler, retired, from the First Appellate District, sitting by assignment.
[1] State v. Sanders, 1st Dist. No. C-030846, 2004-Ohio-6842, at ¶ 6, citing State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.
[2] Id.
[3] (1966), 384 U.S. 436, 86 S.Ct. 1602.
[4] State v. Kiefer, 1st Dist. No. C-030205, 2004-Ohio-5054, at ¶ 21, citing Berkemer v. McCarty (1984), 468 U.S. 420,104 S.Ct. 3138, and State v. Stafford, 158 Ohio App.3d 509,2004-Ohio-3893, 817 N.E.2d 411, jurisdictional motion overruled,110 Ohio St.3d 1440, 2006-Ohio-3862, 852 N.E.2d 188.
[5] See State v. True (2000), 137 Ohio App.3d 348, 351,738 N.E.2d 830, citing Huber v. O'Neill (1981), 66 Ohio St.2d 28,30, 419 N.E.2d 10.
[6] 158 Ohio App.3d 657, 2004-Ohio-5992, 821 N.E.2d 613, citingState v. Dawson (Dec. 21, 1998), 12th Dist. No. CA98-04-021.
[7] Id. at ¶ 10.
[8] See, e.g., State v. Washington, 1st Dist. No. C-050462,2006-Ohio-4790, at ¶ 17.
[9] See, e.g., State v. Carter (Nov. 5, 1999), 1st Dist. Nos. C-980942, C-980943, and C-980944.