DECISION. *Page 2 
{¶ 1} Defendant-appellant, Adam N. Wiest, appeals the judgment of the Hamilton County Municipal Court convicting him of speeding under R.C.4511.21. He was convicted after a bench trial.
 {¶ 2} At trial, the court noted on the record that it had previously taken judicial notice of the scientific reliability of the LTI 20-20 laser device. Cincinnati Police Officer Brian Dettmer testified that he had used the laser device to clock Wiest traveling 73 m.p.h. in a 55-m.p.h. zone. Dettmer stated that he had been trained to use the LTI-2020, that he had calibrated the device before stopping Wiest, and that it had been functioning properly. The trial court found Wiest guilty and assessed a fine and court costs.
 {¶ 3} In his first and third assignments of error, Wiest now argues that the trial court erred in taking judicial notice of the reliability of the LTI 20-20 laser device. We address the assignments together.
 {¶ 4} In Cincinnati v. Levine,[1] this court held that a trial court may take judicial notice of a speed-detection device if the reliability of the device has been established by (1) a prior reported municipal court decision, (2) a reported or unreported decision of an appellate court, or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record.[2]
 {¶ 5} In Levine, we stated that the prosecution needs to present expert testimony to a trial court only once, and the court may then take judicial notice of the device's reliability and accept readings from the device in subsequent cases.[3] *Page 3 
 {¶ 6} In this case, the trial court noted on the record that it had previously taken judicial notice of the LTI 20-20's reliability. Accordingly, the prosecution was not required to present expert testimony in Wiest's case.
 {¶ 7} But Wiest cites State v. Polen[4] for the proposition that the state was required to admit into evidence a judgment entry from a prior case establishing that a court had previously taken judicial notice of the device's reliability. The argument is not persuasive.
 {¶ 8} In Polen, the trial court took judicial notice of the LTI 20-20's reliability based solely upon the holding of another trial judge in the Hamilton County Municipal Court, therefore necessitating a showing on the record that the other judge had in fact taken judicial notice.[5] The trial court in Polen did not indicate on the record that it had individually taken judicial notice in a prior proceeding.[6]
 {¶ 9} In contrast, the trial court in this case indicated that it had individually taken judicial notice in prior cases. Polen is, therefore, inapposite.
 {¶ 10} Wiest also argues that the trial court erred in denying him the opportunity to cross-examine Officer Detmer about different models of the LTI 20-20. Wiest contends that the elicitation of such testimony would have established that the model used in this case was different from the models previously accorded judicial notice.
 {¶ 11} A trial court has broad discretion in limiting the scope of cross-examination to prevent, among other things, confusion of the issues.[7] A trial court's *Page 4 
rulings with respect to cross-examination will generally not be disturbed absent an abuse of that discretion.[8]
 {¶ 12} In this case, the trial court did not abuse its discretion. It is the scientific principle underlying a device's reliability — and not the reliability of a specific model — that renders judicial notice proper.[9] Accordingly, any evidence about the various models of the LTI 20-20 would have been irrelevant.
 {¶ 13} Finally, Wiest argues that judicial notice was improper because it violated his right, under Crawford v. Washington,[10] to confront the expert that had established the LTI-2020's reliability. The Supreme Court of Ohio has rejected this claim under similar circumstances, holding that an expert's testimony about a general scientific principle or fact is not testimonial.[11] Wiest has not convinced us to deviate from that rule in the case at bar. We overrule the first and third assignments of error.
 {¶ 14} In the second assignment of error, Wiest argues that he was denied the effective assistance of trial counsel because his attorney had failed to file a pretrial motion to exclude testimony about the LTI 20-20 device.
 {¶ 15} To establish ineffective assistance of trial counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance.[12] *Page 5 
 {¶ 16} Here, the testimony about the LTI 20-20's detection of Wiest's speed was properly admitted. Thus, any pretrial motion would have been futile, and Wiest was not prejudiced by his attorney's asserted dereliction. The second assignment of error is overruled.
 {¶ 17} In the fourth and final assignment of error, Wiest argues that his conviction was based on insufficient evidence. This assignment is premised on the asserted unreliability of the LTI 20-20 and is therefore without merit. The trial court properly recognized the reliability of the laser device, Dettmer testified about his qualifications to use the device, and the evidence indicated that the device had been in good working order. We overrule the fourth assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
HENDON and DINKELACKER, JJ., concur.
[1] 158 Ohio App.3d 657, 2004-Ohio-5992, 821 N.E.2d 613, citingState v. Dawson (Dec. 21, 1998), 12th Dist. No. CA98-04-021.
[2] Id. at ¶ 10.
[3] Id at ¶ 12.
[4] 1st Dist. Nos. C-050959 and C-050960, 2006-Ohio-5599.
[5] Id. at ¶ 21.
[6] Id.
[7] See State v. Wellman, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.3d 215, at ¶ 22, jurisdictional motion overruled,116 Ohio St.3d 1412, 2007-Ohio-6140, 876 N.E.2d 969.
[8] Id.
[9] See East Cleveland v. Ferell (1958), 168 Ohio St. 298,154 N.E.2d 630. See, also, Levine, supra, at ¶ 11 (indicating that expert testimony may be adduced to permit judicial notice of an "entire class of LTI 20-20 devices").
[10] (2004), 541 U.S. 36, 124 S.Ct. 1354.
[11] See, e.g., State v. Crager, 116 Ohio St.3d 369, 2007-Ohio-6840,879 N.E.2d 745 (holding that DNA reports based on scientific tests were not testimonial). See, also, State v. Wilson, 1st Dist. No. C-060363,2007-Ohio-1174 (holding that certification of breathalyzer solution was not testimonial).
[12] Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus. *Page 1