[Cite as *State v. Tulugu*, 2011-Ohio-5134.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-77 |
| | ) | |
| SRINIVAS TULUGU, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Mahoning County Court No. 4 of Mahoning County, Ohio Case No. 10TRD1755AUS

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Attorney Rhys B. Cartwright-Jones
42 N. Phelps St.
Youngstown, Ohio 44503-1130

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 29, 2011

DONOFRIO, J.

{¶1} Defendant-appellant Srinivas Tulugu appeals from a Mahoning County Court No. 4 judgment convicting him of speed following a bench trial.

{¶2} On March 16, 2010, Trooper Michael Gurlea stopped appellant's vehicle which was travelling on Interstate 76. According to Trooper Gurlea, appellant was travelling at 91 miles per hour in a 65-mile-per-hour zone. Trooper Gurlea issued appellant a traffic citation for speeding.

{¶3} The matter was set for a bench trial. Appellant filed a pro se discovery request for various materials regarding the laser device used to register his speed.

{¶4} The matter proceeded to trial on April 14, 2010, with appellant proceeding pro se. Trooper Gurlea was the only witness. The trial court found appellant guilty. It fined him $150 and ordered him to pay court costs.[1]

{¶5} Appellant filed a timely notice of appeal on May 10, 2010.

{¶6} Appellant raises three assignments of error, the first of which states:

{¶7} "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO SUBMIT EVIDENCE THAT IT DID NOT DISCLOSE DURING PRE-TRIAL DISCOVERY."

{¶8} Appellant argues that he requested discovery information, which he claims the state failed to disclose. He asserts that the information was in the court file, yet no one provided it to him.

{¶9} In response, plaintiff-appellee, the State of Ohio, asserts that the requested materials were available to appellant, therefore, it did not fail to disclose them. Appellee points out that the State Highway Patrol filed the requested materials on April 9, 2010. It contends that there is no requirement, either in rule or case law, that requires the state to deliver the requested materials to the defendant. And appellee argues that even if we were to find that it failed to disclose the requested information, the violation was not willful and would not have benefited appellant's

---

1. It should be noted that appellant has paid his fine and costs. Nonetheless, his appeal is not moot because: "The imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, at the syllabus. Per R.C. 4510.035(C)(11)(b), appellant would have been assessed two points on his driver's license for this offense.

defense.

{¶10} The pertinent discovery rule involved here is found in Crim.R. 16(B)(1)(c) which provides as follows:

{¶11} "(B) Disclosure of evidence by the prosecuting attorney

{¶12} "(1) Information subject to disclosure.

{¶13} "* * *

{¶14} "(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant."

{¶15} "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." *State v. Joseph* (1995), 73 Ohio St.3d 450, 458, citing *State v. Parson* (1983), 6 Ohio St.3d 442, 445.

{¶16} On March 31, 2010, appellant filed his discovery request asking for the manufacturer name, make, model, and serial number of the specific laser device used in his case; a copy of the operation manual; all calibration records for the laser device; department policies on testing; officer's certification and training records; officer's copy of the traffic citation, duty report, and service record for the patrol car; and an engineering and traffic survey for the highway on which the citation was issued.

{¶17} In response, on April 9, 2010, either the prosecutor or the State Highway Patrol filed with the court: (1) a certificate of calibration, including the name, make, model, and serial number of the laser device used; (2) testing results for the

laser device; (3) a certificate of accuracy for the laser device; (4) officer's notes regarding the traffic stop; and (5) and ESMD repair record for the laser device.

**{¶18}** Just prior to trial, the following exchange took place:

**{¶19}** "MR. TULUGU: I applied for discovery request, and I spoke to you when I came here, and I also talked to the prosecutor on the same day.

**{¶20}** "THE COURT: Okay.

**{¶21}** "MR. TULUGU: And so far I have asked only of the public documents that are maintained in the police department.

**{¶22}** "THE COURT: Okay. What have you asked for?

**{¶23}** "MR. TULUGU: I have asked for the manufacturer name, make, model and operation manual of the specific laser device.

**{¶24}** "THE COURT: Okay.

**{¶25}** "MR. TULUGU: And calibration records and some policies on testing.

**{¶26}** "THE COURT: Did you go retrieve those from the State Highway Patrol?

**{¶27}** "MR. TULUGU: I have -- I applied with the court, and I talked to the prosecutor, but I have not received anything so far.

**{¶28}** "THE COURT: Yeah. You would have to go retrieve those. You would have to get an order, I'd sign it, and you would go pick them up. They don't deliver them.

**{¶29}** "MR. TULUGU: I have provided my address here. I was expecting that, you know, they would at least tell me, because I didn't know that I have to go and pick up the things.

**{¶30}** "THE COURT: Yeah. Sometimes that's the disadvantage of, you know, not having counsel, but that's how it would work. I have the lawyers. I have people go retrieve those items that they request, and then I would make them make copies for me." (Tr. 3-4).

**{¶31}** The trial court stated here that the requested discovery materials were readily available to appellant. All he had to do was go to the State Highway Patrol

Office to pick them up. The court indicated that this was the normal procedure for such requests.

**{¶32}** Even though appellant proceeded pro se, he was bound by the same rules and procedures as litigants who retain counsel. *Miner v. Eberlin*, 7th Dist. No. 08-BE-21, 2009-Ohio-934, at ¶11. Thus, although he may have been at a disadvantage for not knowing the procedures for obtaining the requested materials, he was nonetheless bound to follow these procedures.

**{¶33}** As indicated earlier, Crim.R. 16(B)(1)(c) in effect at the time of the trial in this case provided that the prosecution permit the defendant to inspect or copy the requested documents. Crim R. 16(B)(1)(c) did not require the prosecution to physically deliver documents to the defense. *State v. Thurman*, (June 28, 1995), 2d Dist. No. 14741; see, also, *Dublin v. Streb*, 10th Dist. No. 07AP-995, 2008-Ohio-3766, ¶32-34. [2]

**{¶34}** Five days before trial on April 9, 2010, appellant's requested discovery was filed with the trial court, including a certificate of calibration for a LTI UltraLyte Laser Speed Detection Instrument (serial no UX012448), which was testified about at trial, along with four repair records; a certificate of calibration for a MPH Doppler Traffic Radar unit; certificates of accuracy for two tuning forks, 35 mph and 80 mph, respectively; and the officer's notes regarding the traffic stop. Here, however, it does

---

2.     **{a}** Two and a half months after the trial in this matter, Crim.R. 16(B) was rewritten effective July 1, 2010, in pertinent part:

**{b}** "(B) Discovery: Right to Copy or Photograph. Upon receipt of a written demand for discovery by the defendant, * * * *the prosecuting attorney shall provide copies* or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

**{c}** "(3) * * * [A]ll laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places[.]" (Emphasis added.)

**{d}** The staff notes to this rule change note:

**{e}** "*This division expands the State's duty to disclose materials and information beyond what was required under the prior rule.* All disclosures must be made prior to trial. *This division also requires the materials to be copied or photographed as opposed to inspection as permitted under the prior rule.* Subject to several exceptions, the State must provide pretrial disclosure of all materials as listed in the enumerated divisions." (Emphasis added.)

not appear that appellant was given notice of the filing of this discovery.

{¶35} Consequently, we must determine if the omission of notice in this instance amounts to reversible error under the tripartite test set out by the Ohio Supreme Court in *Joseph*, supra. The prosecution's failure to notify appellant that the requested discovery had been filed with the court was in effect a "failure to disclose." A notice of filing with a certificate of service indicating a copy to appellant filed with the clerk of court would have sufficed. Whether that failure to disclose was a willful violation of the rule on the part of the prosecution is a more difficult question to answer and one we need not reach. Appellant has not offered any explanation of how foreknowledge of the information contained in the requested discovery would have benefited him in the preparation of his defense and what, if any, prejudicial effect he suffered as result of that omission.

{¶36} Accordingly, appellant's first assignment of error is without merit.

{¶37} Appellant's second assignment of error states:

{¶38} "THE TRIAL COURT ERRED IN ENTERING A JUDGMENT OF CONVICTION AND SENTENCE ABSENT SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION."

{¶39} Here appellant argues that the state failed to establish the elements of a violation of R.C. 4511.21(D) and, therefore, the evidence was insufficient to support his conviction. Specifically, he contends that the state failed to prove what type of road I-76 is. He contends that was an element required for his conviction.

{¶40} On the other hand, appellee argues that it presented sufficient evidence to prove that appellant operated his vehicle in excess of 65 miles per hour on a highway. It points to Trooper Gurlea's testimony that he clocked appellant travelling at 91 miles per hour on Interstate 76 in Milton Township, Mahoning County, Ohio, where the posted speed limit is 65 miles per hour.

{¶41} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith* (1997), 80 Ohio St.3d 89, 113. In

essence, sufficiency is a test of adequacy. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id.  In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d at 113.

{¶42} The court found appellant guilty of violating R.C. 4511.21(D)(2), which provides:

{¶43} "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:

{¶44} "* * *

{¶45} "(2) At a speed exceeding sixty-five miles per hour upon a freeway as provided in divisions (B)(13) and (14) of this section."

{¶46} R.C. 4511.21(B)(13) and (14) provide:

{¶47} "(B) It is prima-facie lawful, in the absence of a lower limit declared or established pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following:

{¶48} "* * *

{¶49} "(13) Sixty-five miles per hour for operators of any motor vehicle weighing eight thousand pounds or less empty weight and any commercial bus at all times on all portions of the following:

{¶50} "(a) Freeways that are part of the interstate system and that had such a speed limit established prior to October 1, 1995, and freeways that are not part of the interstate system, but are built to the standards and specifications that are applicable to freeways that are part of the interstate system and that had such a speed limit established prior to October 1, 1995;

{¶51} "(b) Freeways that are part of the interstate system and freeways that are not part of the interstate system but are built to the standards and specifications

that are applicable to freeways that are part of the interstate system, and that had such a speed limit established under division (L) of this section;

**{¶52}** "(c) Rural, divided, multi-lane highways that are designated as part of the national highway system * * * and that had such a speed limit established under division (M) of this section.

**{¶53}** "(14) Sixty-five miles per hour at all times on all portions of freeways that are part of the interstate system and that had such a speed limit on the effective date of this amendment for operators of any motor vehicle weighing in excess of eight thousand pounds empty weight and any noncommercial bus."

**{¶54}** Trooper Gurlea, the only witness, testified as follows.

**{¶55}** On March 16, 2010, Trooper Gurlea was located on top of an overpass bridge checking speeds. (Tr. 5-6). He noticed a green 2007 Toyota and estimated its speed at over 85 miles per hour. (Tr. 6). The posted speed limit on public highway Interstate 76, where the Toyota was driving, is 65 miles per hour. (Tr. 9). Using a laser speed detection instrument, appellant's vehicle registered traveling at 91 miles per hour. (Tr. 9). He then caught up to appellant's vehicle and made a traffic stop. (Tr. 10).

**{¶56}** Trooper Gurlea further testified that he has been sufficiently and adequately trained to use laser technology by his agency. (Tr. 7). Additionally, he stated that in accordance with the manufacturer's recommendation he performed a distance calibration and a scope alignment verification calibration that day. (Tr. 7). He then explained the procedure. (Tr. 7-8). Trooper Gurlea stated that based on these calibration checks, he found both before and after his shift on the day in question that the laser was working properly. (Tr. 8).

**{¶57}** This evidence was sufficient to support appellant's speeding conviction. Appellant does not contest the fact that the state presented sufficient evidence to prove that he was speeding. Trooper Gurlea clearly testified that he visually estimated the speed of appellant's vehicle to be over 85 miles an hour and that he registered his vehicle with the laser as traveling at 91 miles an hour. And Trooper

Gurlea testified that the speed limit where appellant was traveling was 65 miles per hour.

**{¶58}** Appellant only asserts here that the state failed to prove what type of road I-76 is. Trooper Gurlea testified that appellant was travelling on Interstate 76, where the posted speed limit is 65 miles per hour. All of the subsections appellant cites to for support, R.C. 4511.21(B)(13)(a)(b)(c) and R.C. 4511.21(B)(14) use the terms "freeways that are part of the interstate system." And Trooper Gurlea specifically testified that appellant was travelling on "Interstate" 76, making it part of the interstate system. (Tr. 9).

**{¶59}** Given the standard of review for sufficiency of the evidence, where we are to construe the evidence in the light most favorable to the prosecution, Trooper Gurlea's testimony was sufficient to demonstrate what type of road I-76 is and satisfy that element of appellant's speeding conviction.

**{¶60}** Accordingly, appellant's second assignment of error is without merit.

**{¶61}** Appellant's third assignment of error states:

**{¶62}** "THE TRIAL COURT ERRED IN ALLOWING IN EVIDENCE OF A SCIENTIFIC TEST WITH NO EVIDENCE OF RELIABILITY."

**{¶63}** Appellant argues that the state failed to comply with Evid.R. 702(C)(1)-(3) when introducing evidence regarding the laser used to measure his speed. He contends that the court improperly took judicial notice of the laser device.

**{¶64}** Appellee, however, argues that the court properly took judicial notice of the accuracy of the laser device. It agrees that the court should have given a citation to the case in which it had previously taken judicial notice, but argues that its failure to do so does not constitute reversible error.

**{¶65}** "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Courts may take judicial notice whether or not it is requested and at any stage of the proceedings.

Evid.R. 201(C)(F).

**{¶66}** A laser device's scientific accuracy is the type of fact that can be judicially noticed. *State v. Lloyd*, 7th Dist. No. 01-CO-36, 2002-Ohio-3017, at ¶50, quoting *Columbus v. Dawson* (Mar. 14, 2000), 10th Dist. No. 99AP-589. The accuracy of a laser device may be established, such that judicial notice of its accuracy can be taken in future cases in a jurisdiction, by: "(1) a reported municipal court decision from that jurisdiction, (2) a reported or unreported case from the appellate district covering that jurisdiction, or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." *Columbus v. Bell*, 10th Dist. No. 09AP-1012, 2010-Ohio-2908, at ¶14, citing *Cincinnati v. Levine*, 158 Ohio App.3d 657, 2004-Ohio-5992.

**{¶67}** At trial in this case, the following colloquy took place:

**{¶68}** "THE COURT: The court is taking judicial notice of the laser system. Is that what you mean?

**{¶69}** "MR. TULUGU: Yes.

**{¶70}** "THE COURT: Yeah. That's already occurred. There's an entry on record here with the court.

**{¶71}** "MR. TULUGU: Can I -- can I get a case number or anything like that, sir?

**{¶72}** "THE COURT: I don't know it off the top of my head, but you can get it, yes.

**{¶73}** "MR. TULUGU: I'm trying to see -- there are, you know, some -- some things that I think appeals court that -- the expert testimony on judicial notice should be taken only on a reported case and, you know, some things like that, so I just want to know if he [Trooper Gurlea] satisfy, you know, the --

**{¶74}** "THE COURT: This court has, the Supreme Court of Ohio as well, but I can't tell you case numbers.

**{¶75}** "MR. TULUGU: Okay.

**{¶76}** "THE COURT: But I've taken judicial notice as well." (Tr. 12-13).

{¶77} Here it is apparent that the trial court previously considered expert testimony about the laser device in question and determined it to be accurate and had also taken judicial notice of this fact in at least one other case. Because the court itself had already determined the laser device to be accurate and had previously taken judicial notice of this fact, it was proper for it to do so here.

{¶78} And while the court did not cite to its previous case on the record, it was required to do so. In *State v. Weist*, 1st Dist. No. C-070609, 2008-Ohio-1433, the defendant argued that the court was required to admit into evidence a judgment entry from a prior case establishing that a court had previously taken judicial notice of the device's reliability. The Appellate Court found this argument unpersuasive stating that in the case relied on by the defendant, the trial court had taken judicial notice of a laser device's reliability based solely on the holding of another trial judge in the county municipal court, therefore necessitating a showing on the record that the other judge had in fact taken judicial notice. Id. at ¶8. The Appellate Court distinguished its case by noting that the trial court indicated that it had individually taken judicial notice in prior cases. Id. at ¶9.

{¶79} Likewise, in the present case, the trial court stated that it had individually taken judicial notice in at least one prior case. Thus, it properly took judicial notice in this case as well.

{¶80} Additionally, appellant contends in this assignment of error that Trooper Gurlea's discussion of how he executed a laser test did not meet Evid.R. 702(C)(3)'s requirement that the test was conducted in a way as to yield an accurate result because Trooper Gurlea only testified as to how he usually performed such a test, not how he performed this particular test.

{¶81} Evid.R. 702(C)(3) provides:

{¶82} "A witness may testify as an expert if all of the following apply:

{¶83} "* * *

{¶84} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a

procedure, test, or experiment, the testimony is reliable only if all of the following apply:

**{¶85}** "* * *

**{¶86}** "(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."

**{¶87}** As to this point, Trooper Gurlea testified that before his shift on the day in question, he verified the calibration with both a distance calibration and a scope alignment calibration. (Tr. 7). He stated that they both "checked out okay." (Tr. 7). He further testified that he did the same calibration check at the end of his shift and found that his laser technology was working in accordance with its recommendations. (Tr. 8).

**{¶88}** And as to his execution of the laser test on appellant's vehicle, the prosecutor asked Trooper Gurlea: "[D]o you remember where you placed the beam on this particular Toyota?" (Tr. 9). To which Trooper Gurlea replied: "On all vehicles I check I try to aim center mass to the front of the vehicle, mostly the lower portion, the bumper grill area so I can get a better reflection, get a better, accurate reading." (Tr. 9). The question and answer reflect that Trooper Gurlea placed the beam on this particular Toyota on the same area he places the beam on all other vehicles that he checks, that being the center, front of the vehicle in the bumper and grill area. Thus, Trooper Gurlea did testify about how he performed the test in question.

**{¶89}** Accordingly, appellant's third assignment of error is without merit.

**{¶90}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J. concurs.

DeGenaro, J., concurs.