[Cite as *State v. Coates*, 2014-Ohio-3875.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 2 |
| ALAN M. COATES | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Mount Vernon
                              Municipal Court, Case No.  13 TRD 3430


JUDGMENT:                     Reversed and Remanded


DATE OF JUDGMENT ENTRY:       September 5, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHARLES T. MCCONVILLE                 MICHAEL J. YEMC, JR.
LAW DIRECTOR                          YEMC LAW OFFICE
5 North Gay Street, Suite 222         Post Office Box 468
Mount Vernon, Ohio  43050             Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Appellant Alan Coates appeals his conviction for speeding entered in the Mount Vernon Municipal Court following a trial to the court.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** At approximately 7:59 a.m. on August 23, 2013, Defendant-Appellant Alan M. Coates was traveling on State Route 3 (Columbus Road) in the Village of Centerburg, Knox County, Ohio. (T. at 6.) Simultaneously, Knox County Sheriff's Deputy J.P. Paul was stationary, just off of State Route 3, running traffic in the Centerburg High School school zone. (T. at 6.) According to his testimony, Deputy Paul activated his LTI UltraLyte laser device and clocked Defendant-Appellant traveling at 40 mph in a 20 mph zone (T. at 11.)

**{¶4}** Deputy Paul cited Appellant with a traffic violation in the Village of Centerburg for traveling 40 mph in a 20 mph zone under Codified Ordinance of Centerburg §333.03(B)(I).

**{¶5}** Defendant-Appellant entered a not guilty plea with the Mount Vernon Municipal Court.

**{¶6}** Following a few continuances, the case went to trial on January 8, 2014. At the conclusion of the trial, the trial court found Appellant guilty of a 40/20 mph speeding violation.

**{¶7}** It is from this conviction Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶8} "I. TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF VIOLATING CODIFIED ORDINANCE OF CENTERBURG §333.03(B)(1) WHERE THE COURT HAS NOT HEARD EXPERT TESTIMONY REGARDING THE SCIENTIFIC ACCURACY OF THE LTI ULTRALYTE LASER AND THE COURT DID NOT HAVE A PROPER BASIS FOR TAKING JUDICIAL NOTICE OF THE DEVICE'S ACCURACY.

{¶9} II. THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLATE (SIC) GUILTY WHEN THE STATE FAILED TO PRESENT A COPY OF THE OFFICER'S CERTIFICATE ON THE USE OF RADAR DEVICE."

## I.

{¶10} In his First Assignment of Error, Appellant claims, and the State concedes, the trial court erred in taking judicial notice of the accuracy of the LTI UltraLyte Laser. We agree.

{¶11} At the trial in this matter, the trial court took judicial notice of the LTI UltraLyte Laser, a laser speed measuring device. In doing so, the trial court cited this Court's decision in *State v. Lapso*, 5th Dist. Ashland App. No. 2007-COA-045, 2008-Ohio-4489.

{¶12} In *State v. Lapso*, this Court held:

{¶13} "The taking of judicial notice is governed by Evid.R. 201. Under Evid.R. 201(B), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned." The scientific reliability of a laser device is the type of fact that a trial court may judicially notice. *Cincinnati v. Levine,* 158 Ohio App.3d 657, 2004-Ohio-5992, at ¶ 8, citing *Columbus v. Dawson* (Mar. 14, 2000), 10th Dist. No. 99AP-589.

**{¶14}** "Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision; (2) a reported or unreported case from the appellate court; or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." *Levine,* supra, at ¶ 10. (Citations omitted.). *State v. Kress,* Trumbull App. No. 2007-T-0075, 2008-Ohio-1658 at ¶ 11-12.

**{¶15}** In the case before us, the trial court did not take notice of a reported municipal decision or cite to any previous consideration of expert testimony regarding the LTI UltraLyte Laser.

**{¶16}** While the trial court did cite to this Appellate Court's decision in *Lapso,* such case did not establish the reliability of the LTI UltraLyte Laser. The *Lapso* case dealt only with radar devices which operated on the Doppler principle. (T. at 9).

**{¶17}** Based on the foregoing, we find that the trial court erred in taking judicial notice of the LTI UltraLyte Laser device in this case.

**{¶18}** Appellant's First Assignment of Error is sustained.

**II.**

**{¶19}** Based on our disposition of Appellant's First Assignment of Error, Appellant's Second Assignment of Error is moot.

{¶20} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is reversed and this case is remanded for further proceedings in accordance with our opinion and the law.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0821